**Michael Gregory TODD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 017–81.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1983.

---

Brian W. Wice, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Larry P. Urquhart and Robert Burdette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appeal was taken from a conviction for aggravated robbery. Punishment was assessed at forty years. The Houston Court of Appeals, Fourteenth Supreme Judicial District, reversed appellant's conviction on the basis of fundamental error in the jury charge. The case came before us on the State's petition for discretionary review which we granted in order to reconsider this Court's previous holding in *Evans v. State*, 606 S.W.2d 880 (Tex.Cr.App.1980). We now reverse the judgment of the Court of Appeals and remand the case for consideration of appellant's other grounds.

On July 6, 1983, this Court handed down the opinion in the case of *Woods v. State*, 653 S.W.2d 1 (Tex.Cr.App.1983), wherein we overruled *Evans v. State*, supra; *Williams v. State*, 622 S.W.2d 95 (Tex.Cr.App.1981); and *Hill v. State*, 640 S.W.2d 879 (Tex.Cr. App.1982). It is now clear that where it is alleged, proven, and found that a defendant intentionally or knowingly placed the owner in fear of imminent bodily injury or death in the course of a taking, a charge is not defective for failing to require that the jury separately find the taking to have been without the effective consent of the owner.

In a response, appellant raises two arguments which we feel must be addressed. First, he argues that the State does not have the ability to seek discretionary review from this Court. Secondly, he argues that trial counsel timely filed a written objection to the trial court's charge and thus perfected error in the charge, should it be found that the error was not fundamentally defective.

Regarding his first contention, appellant contends that Article 44.01, V.A.C. C.P. (amended 1981), which allows the State to seek discretionary review, conflicts with Article V, Section 26 of the Texas Constitution and thus is unconstitutional.[1]

Because of the congested docket of this Court, the people of Texas voted in 1980 to amend the State's Constitution to create an intermediate level of appellate review in criminal cases. This amendment to Texas Constitution Article V, Sections 5 and 6 (effective September 1, 1981), transformed the courts of civil appeals into the courts of appeals, broadened their intermediate appellate jurisdiction to include criminal as well as civil appeals and modified the juris-

---

1. Article V, Section 26 of the Texas Constitution provides:

"The State shall have no right of appeal in criminal cases."

diction of the Court of Criminal Appeals.[2] Under Texas Constitution, Article V, Section 5 (1981), the appeals of all criminal cases, other than death penalty cases, are directed to the courts of appeal. The section also provides that:

"... In addition, the Court of Criminal Appeals may, *on its own motion,* review a decision of a Court of Appeals in a criminal case as provided by law. *Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion....*" (Emphasis added)

In order to implement the jurisdictional changes provided in the constitutional amendment, Senate Bill 265, containing a number of statutory amendments, was passed. These included amendments to Article 4.04,[3] Article 44.01,[4] and Article 44.45,[5] V.A.C.C.P. Thus, we see that as a result of both constitutional and statutory amendment, the whole framework of the criminal appellate system in Texas was changed.

The appellant argues that this is a question of a conflict between a "statutory creation of the Legislature," namely, Article 44.01, V.A.C.C.P. (1981), and a constitutional provision, Article V, Section 26.

In amending Article 44.01, the Legislature recognized the prohibition imposed by Article V, Section 26, and sought to make it clear that discretionary review, when granted, was "on its (this Court's) own motion." Such language is clearly consistent with the language of Article V, Section 5. Further, the addition to Article 44.01 is not in con-

flict with Article V, Section 26, and is, therefore, not unconstitutional.

■ Appellant next contends that he properly objected to the portion of the court's charge which the Court of Appeals found to be fundamentally defective. He directs our attention to the following written objection:

"The Defendant objects to the charge on principals appearing on page 4 because it omits an essential element of the offense and authorizes conviction on a set of facts that do not constitute an offense...."

Appellant, however, forgets to include the remainder of his objection which continues:

"... The said charge authorizes a conviction without a finding that the Defendant personally committed the offense. Furthermore, the jury is authorized to convict the Defendant on a finding that an alleged co-party committed the offense or that the Defendant was criminally responsible for the acts of a co-party. It therefore authorizes conviction on a set of facts that do not constitute an offense for which the Defendant is criminally responsible."

Thus, it can be seen that appellant's concern when he filed this written objection was on the presentation of the law of parties, not on the fact that the charge omitted the phrase "without the owner's effective consent."

Because we find that the Court of Appeals erred in reversing appellant's convic-

---

2. For a complete discussion see, Dally & Brockway, "Changes in Appellate Review in Criminal Cases Following the 1980 Constitutional Amendment:, 13 St. Mary's Law Journal 211 (1981).

3. Article 4.04, Section 2, V.A.C.C.P., in pertinent part, now provides:

"... In addition, the Court of Criminal Appeals may, on its own motion, with or without a petition for discretionary review being filed by one of the parties, review any decision of a court of appeals in a criminal case. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion."

4. Article 44.01, V.A.C.C.P., now provides:

"The State shall have no right of appeal in criminal actions. However, this statute shall not be construed to prevent the State from petitioning the Court of Criminal Appeals to review a decision of a court of appeals in a criminal case, on its own motion."

5. Article 44.45(b), V.A.C.C.P., now provides in pertinent part:

"(b) The Court of Criminal Appeals may review decisions of the court of appeals upon a petition for review.

"(1) The State or a defendant in a case may petition the Court of Criminal Appeals for review of the decision of a court of appeals in that case."

tion because of fundamental error in the jury charge, the judgment of the Court of Appeals is reversed and remanded for consideration of appellant's other grounds of error.

ONION, Presiding Judge, concurring.

Appellant contends that the State has no right to seek a discretionary review of a decision of the Court of Appeals by the Court of Criminal Appeals. He contends the last sentence of Article 44.01, V.A.C.C.P., as added by amendment in 1981,[1] apparently allowing such procedure, conflicts with Article V, § 26, Texas Constitution, which provides the State has no right of appeal in criminal cases.[2]

The majority answers appellant's contention by holding that every discretionary review when granted is on this court's own motion, regardless of whose petition may have been acted upon, and that such construction is consistent with Article V, § 5, Texas Constitution, dealing with the jurisdiction of this court, thus rendering the last sentence of Article 44.01, supra, constitutional and not in conflict with Article V, § 26, Texas Constitution.

While this is a possible construction and interpretation, I do not believe it is an exclusive one. This is the first time this court has expressly written on the question presented since the advent of our new criminal appellate system in 1981. There are other reasons, in my opinion, to justify the same conclusion, and which more evenly flow from our actual procedures and practices.[3]

As amended in 1981,[4] Article V, § 5 of the State Constitution reads in part as follows:

"Sec. 5. *The Court of Criminal Appeals shall have final appellate jurisdiction* coextensive with the limits of the state, and its determinations shall be final, in all criminal cases of whatever grade, *with such exceptions and under such regulations* as may be provided in this Constitution or *as prescribed by law.*

"The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. The appeal of all other criminal cases shall be to the Courts of Appeal (sic) as prescribed by law. *In addition, the Court* of Criminal Appeals *may, on its own motion, review a decision of a Court of Appeals* in a criminal case as provided by law. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion...." (Emphasis supplied.)

Article V, § 6 (Courts of Appeals) of the State Constitution amended at the same time, provides for Courts of Appeals and further provided in part:

"Said Court (sic) of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law ...."

Under such constitutional provisions, the Legislature has the power to make exceptions to the right of appeal in criminal cases and regulate the appellate jurisdiction of

---

1. Article 44.01, V.A.C.C.P., provides:

    "The State shall have no right of appeal in criminal actions. *However, this statute shall not be construed to prevent the State from petitioning the Court of Criminal Appeals to review a decision of a Court of Appeals in a criminal case, on its own motion.*" (Emphasis supplied.) (Acts 1981, 67th Leg., p. 812, ch. 291, § 123, eff. Sept. 1, 1981.)

    The last sentence was added to the statute in 1981. Prior to the amendment the first sentence and the statute and its forerunners had long been the statutory counterpart of Article V, § 26, Texas Constitution.

2. Article V, § 26 of the State Constitution reads:

    "The State shall have no right of appeal in criminal cases."

3. We have granted a number of State's petitions for discretionary review, and I do not recall one where the State requested that we grant its petition on our own motion or where we granted the State's petition expressly stating we were doing so on our own motion.

4. The constitutional amendment was passed in 1980 and became effective September 1, 1981.

the Court of Criminal Appeals and the Court of Appeals. See and cf. *De Silva v. State,* 98 Tex.Cr.R. 499, 267 S.W. 271 (1924); *Walker v. State,* 537 S.W.2d 36, 38 (Tex.Cr. App.1976); *Basaldua v. State,* 558 S.W.2d 2, 4 (Tex.Cr.App.1977); *Armes v. State,* 573 S.W.2d 77 (Tex.Cr.App.1978); *Ex parte Paprskar,* 573 S.W.2d 525 (Tex.Cr.App. 1978); *Ex parte Spring,* 586 S.W.2d 482 (Tex.Cr.App.1978).

"The Texas Constitution has conferred appellate jurisdiction in criminal cases with such exceptions and under such regulations as may be prescribed by law, and the legislature has provided the mode in which appeals must be taken . . . ." 26 Tex.Jur. 3rd, Ed., Criminal Law, § 3877, p. 28.

It should be remembered a state is not required by the United States Constitution to afford a defendant the right to an appellate review of a criminal conviction. *McKane v. Durston,* 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867 (1894); *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956); *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666, on remand, 538 F.2d 290 (9th Cir.1976); *Jones v. State,* 630 S.W.2d 353, 355 (Tex.App.—Houston [14th] 1982). The only constitutional requirement is that when a state provides a right of appeal in a criminal matter, it must meet the requirements of due process and equal protection. *Rheuark v. Shaw,* 628 F.2d 297 (5th Cir.1980), cert. den. 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365.

It has been said that in Texas the right of appeal by a convicted defendant is a statutory right and not a part of the State Constitution. *Ayala v. State,* 633 S.W.2d 526, 528 (Tex.Cr.App.1982); *Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App.1981); *Ex parte Spring,* 586 S.W.2d 482 (Tex.Cr.App. 1978); *Powell v. State,* 99 Tex.Cr.R. 276, 269 S.W. 443 (1925).[5]

Article 44.02, V.A.C.C.P. (Defendant May Appeal), provides in part:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."

Article 44.08, V.A.C.C.P. (Notice of Appeal), provides in part:

"(a) It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Appeals, to give notice of appeal . . . ."

When a defendant invokes his statutory right of appeal, he initiates the appellate procedure as "prescribed by law." Thus, an examination of the statutory appellate procedure regarding discretionary review by the Court of Criminal Appeals is in order to appraise appellant's contention.

Article 4.04, § 2, V.A.C.C.P., reads as follows:

"Sec. 2. The Court of Criminal Appeals shall have, and is hereby given, final appellate and review jurisdiction in criminal cases coextensive with the limits of the state, and its determinations shall be final. The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. *In addition, the Court of Criminal Appeals may, on its own motion, with or without a petition for such discretionary review being filed by one of the parties, review any decision of a Court of Appeals in a criminal case.* Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion. (Emphasis supplied.) (Acts 1981, 67th Leg., p. 802, ch. 291, § 103, eff. Sept. 1, 1981.)

Article 44.01, supra, was amended in 1981 by adding a second sentence as noted in footnote # 1.

Article 44.45, V.A.C.C.P. (Review by Court of Criminal Appeals), provides in part:

"(a) The *Court* of Criminal Appeals *may review* decisions of the Court of Ap-

---

**5.** In *Powell* it was held that the law giving the State the right to dismiss an appeal of a defendant-appellant who escapes is not unconstitutional, there being no constitutional right of appeal except as given by statute. See also Article 44.02, V.A.C.C.P., and *Jones v. State,* supra.

peals *on its own motion.* An order for review must be filed before the decision of the Court of Appeals becomes final as determined by Article 42.04a.

"(b) The *Court* of Criminal Appeals *may review* decisions of the Court of Appeals *upon a petition for review.*

"(1) *The state* or a defendant in a case *may petition* the *Court of Criminal Appeals for review of the decision of a Court of Appeals in that case.*

"(2) * * *

"(6) The *Court* of Criminal Appeals *shall either grant the petition* and review the case or *refuse the petition.*

"(c) The Court of Criminal Appeals may promulgate rules pursuant to this article." (Emphasis supplied.) (Acts 1981, 67th Leg., p. 819, ch. 291, § 147, eff. Sept. 1, 1981.)

Article 44.33, V.A.C.C.P., as amended in 1981, requires the Court of Criminal Appeals to make rules of post-trial and appellate procedure as to the hearing of criminal actions not inconsistent with the Code of Criminal Procedure. See also Articles 40.10 and 44.45, V.A.C.C.P.

In accordance with this mandate, the court has adopted such rules effective September 1, 1981. See Article 44.33, supra. The rules adopted govern discretionary review. Tex.Cr.App. Rule No. 3. It is observed that Tex.Cr.App. Rule 302(a) is in accordance with Article 4.04(2), supra, and Tex.Cr.App. Rule 304(a) is in accordance with Article 44.45(b)(1), supra. Discretionary review is provided for both with and without petition.

It is clear from the procedure "as prescribed by law" and discussed above that discretionary review may be by the Court of Criminal Appeals upon

(1) its own motion without petition

(2) its own motion with petition by either the appellant or the State

(3) petition by the appellant or the State.[6]

Such statutory procedure is authorized by the first paragraph of Article V, § 5, Tex. Const., the "as provided by law" provision, without the necessity of reliance on the second paragraph of Article V, § 5, discretionary review on court's own motion.

When the convicted defendant initiates the appellate process, he sets in motion the whole procedure including the right of the State to seek discretionary review under certain conditions. He becomes the appellant and remains the appellant throughout the appellate process.[7]

The American Bar Association Standards for Criminal Justice, Vol. IV, Standard 21–1.14 (Criminal Appeals), provides in part:

"1.4(b) Where more than one level of appellate review, the prosecution should be permitted to seek further review in the highest court whenever an intermediate court has ruled in favor of a defendant-appellant."

No limitations should exist on the right of the prosecution to take the decision of an intermediate appellate court to a higher tribunal. No problems of double jeopardy exist in such a case. If the defendant appeals from a conviction in the trial court and wins a reversal at the Court of Appeals level, the further review at the Court of Criminal Appeals level should be considered an extension of the appeal initiated by the defendant-appellant. Likewise, where an appellate court that normally sits in panels agrees to hear a case en banc at the prosecutor's instance, no jeopardy or other limitations should arise. *Spinelli v. United States,* 382 F.2d 871 (8th Cir.1967). The same would be true where an appellate court grants the prosecution's motion for rehearing following a reversal.

The filing of a State's petition for discretionary review is not an "appeal" within the constitutional purview of Article V, § 26,

---

**6.** The records of this court clearly indicate that of those petitions for discretionary review granted the vast majority has been upon the appellant's or State's petition, not upon the court's motion, with or without petition.

**7.** See Tex.Cr.App. Rule 8(a).

prohibiting the State from appealing. The second sentence of Article 44.01, supra, added by the 1981 amendment, is not in conflict with Article V, § 26 of the Constitution.[8]

For the reasons stated, I concur in the result reached.

MILLER, J., joins this opinion.

---

8.  "Both the appellant and the State have the right to petition the Court of Criminal Appeals for discretionary review of a decision by a Court of Appeals. It should be emphasized that the right of the State to seek discretionary review of a decision by the Court of Appeals, which is expressly established in the new provisions added by Senate Bill 265, does not conflict with the Texas constitutional and statutory provisions denying the State the right to appeal in criminal cases. Discretionary review by the Court of Criminal Appeals after the appellant has invoked the appellate process does not constitute an appeal."
Dally & Brockway, "Changes in Appellate Review in Criminal Cases Following the 1980 Constitutional Amendment," 13 St. Mary's Law Journal 211, 233 (1981).