Ruben **GARZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 506–93.

Court of Criminal Appeals of Texas, En Banc.

March 15, 1995.

Nancy B. Barohn and Mark Stevens, San Antonio, Keith Hampton, Austin, for appellant.

Steven C. Hilbig, Dist. Atty., and Daniel Thornberry, Melissa Barlow, Keith Howard and Catherine Babbitt, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

A jury found appellant guilty of aggravated sexual assault and indecency with a child, and assessed his punishment at fifteen years' and ten years' confinement, respectively. The San Antonio Court of Appeals affirmed appellant's convictions. Garza v. State, No. 04–91–00481–CR (Tex.App.—San Antonio, delivered November 4, 1992). On December 4, 1992, appellant filed a motion for rehearing and a motion for rehearing en banc, which were denied on January 5, 1993. After receiving two extensions of time in which to file the appellant's petition for discretionary review, appellant filed the petition on March 29, 1993. On April 30, 1993, thirty-two days following the filing of the petition for discretionary review, the Court of Appeals withdrew its opinion of November 4, 1992, and issued a new opinion reversing and remanding the case to the trial court for a new trial. We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in submitting an opinion on reconsideration of appellant's petition for discretionary review which did not conform to Texas Rule of Appellate Procedure 101.[1]

Specifically, the State alleges that the Court of Appeals' Rule 101 opinion was untimely in that it was issued thirty-two days after the filing of the petition for discretionary review, and not within fifteen days as

1. The same day, this Court ordered appellant's petition be held in abeyance pending the disposition of the State's petition for discretionary review.

allowed for in Rule 101.[2] Further, the State contends that the court's opinion on reconsideration should be vacated because the Court of Appeals exceeded the scope of Rule 101, which only allows the Court of Appeals to "correct or modify" its original opinion in response to a petition for discretionary review.[3]

Appellant responds that allowing the Court of Appeals only fifteen days following the filing of a petition for discretionary review "is an extremely short period of time for an appellate court to genuinely give its opinions a rigorous rereading." Thus, appellant argues that the courts of appeals, "the workhorses of the appellate scheme, . . . should be given the latitude of suspending rules to review their own opinions." Appellant contends "[i]f given such leeway, the work of the appellate courts will surely save this Court the annoyance of correcting bad opinions of the courts of appeals and doing the appellate courts' work for them."

■ Appellant argues that Tex.R.App.Pro. 2(b) permits the appellate court to suspend the operation of Rule 101 on its own motion and take any additional time it deems necessary to render an opinion on reconsideration. However, Rule 2(a) specifically states that the Rules "shall not be construed as to *extend* or limit the jurisdiction of the courts of appeal. . . ." (emphasis added). Further, the Court of Appeals did not purport to invoke the provisions of Rule 2(b) rendering this portion of appellant's argument inapplicable.

■ The time limits set forth in the Rules of Appellate Procedure are not discretionary. The courts of appeals have no authority to suspend the operation of a rule of appellate procedure in order to create jurisdiction in the court of appeals where no jurisdiction exists. See *Jones v. State*, 796 S.W.2d 183 (Tex.Cr.App.1990). The courts of appeals are afforded the opportunity to reexamine their opinions when the party seeking review chooses to file a motion for rehearing pursuant to the Rules of Appellate Procedure. The Court of Appeals had such an opportunity in this case. Further, the rules allow an additional fifteen days for the courts of appeals to "reconsider and correct or modify the opinion or judgment of the court" following the filing of a petition for discretionary review. The Court of Appeals in this case had five months in which to review its original opinion.[4] After the fifteen day time limit expired, the Court no longer had authority to "reconsider and correct or modify" its original opinion. There is no reasonable basis for providing the Court of Appeals a third opportunity to review its decision under such circumstances. If appellate courts were able to suspend the timetables, to which they are held to comply, there would be nothing this Court could do to promote the timeliness of the appellate process and the very purpose of the Rules would be undermined.

■ Just as the timely filing of a notice of appeal vests the appellate courts with juris-

**2.** Texas Rule of Appellate Procedure 101 provides:
> "Within fifteen days after a petition for discretionary review to the Court of Criminal Appeals has been filed with the Clerk of the Court of Appeals which delivered the decision, a majority of justices who participated in the decision may summarily reconsider and correct or modify the opinion and judgment of the court and shall cause the clerk to certify a copy thereof and include it among the materials forwarded to the Clerk of the Court of Criminal Appeals in accordance with Rule 202(f)."

**3.** Because we hold that the Court of Appeals was without authority to issue the Rule 101 opinion outside the fifteen day time period, we do not need to decide this part of the State's argument.

**4.** The Court of Appeals originally affirmed appellant's conviction, rejecting the contention that evidence of extraneous offenses had been improperly admitted into evidence during the trial. In its opinion on reconsideration, the Court of Appeals based its decision to reverse the judgment of the trial court on this Court's opinion in *Vernon v. State*, 841 S.W.2d 407 (Tex.Cr.App. 1992), which coincidentally, was delivered on November 4, 1992, the day the original opinion of the Court of Appeals was delivered. The decision in *Vernon* was brought to the Court of Appeals' attention in appellant's motion for rehearing, and discussed in the State's response thereto. However, the Court of Appeals, after review, denied the motion for rehearing. The Court of Appeals was thus afforded a second opportunity to review its opinion based on a recent decision from this Court, but did not find the case controlling.

diction to consider the appeal, the timely filing of a petition for discretionary review vests this Court with jurisdiction to review the judgment of the Court of Appeals. Rule of Appellate Procedure 101 grants the appellate court an additional fifteen days following the filing of the petition in which to act if the majority of justices who participated in the decision conclude that the original opinion requires reconsideration or modification. After the expiration of fifteen days, however, the court of appeals is no longer authorized to issue an opinion; "[t]he original record, motions filed therein, and certified copies of any judgments, opinions and orders of the court of appeals" are required to be forwarded by the clerk of that court to this Court, Tex.R.App.Pro. 202(f), and this Court has exclusive jurisdiction over the matter.

The Court of Appeals acted without authority to issue its opinion on reconsideration. Therefore, the Court of Appeals' opinion on reconsideration issued on April 30, 1993, is vacated, and the original judgment of the Court of Appeals issued November 4, 1992, is reinstated.

OVERSTREET, J., dissents.

BAIRD, Judge, dissenting.

Finding the time limits set forth in the Rules of Appellate Procedure are not discretionary, *Ante*, 896 S.W.2d at 194, the majority holds the Court of Appeals had no authority to issue its subsequent opinion. *Ante*, 896 S.W.2d at 195. Citing only *Jones v. State*, 796 S.W.2d 183 (Tex.Cr.App.1990), the majority holds the Court of Appeals invoked its jurisdiction where it had none. *Ante*, 896 S.W.2d at 194. I write separately because the majority's reliance on *Jones* is misplaced and, when relevant authority is consulted, it is clear the majority reaches an erroneous result.

**I.**

In order to address the issues raised in this petition a summary of the applicable rules is in order. Our current Rules of Ap-

pellate Procedure do not limit the time an appellate case may be under submission.[1] Tex.R.App.P. 80(a). Once an opinion is issued, any party may file a motion for rehearing within fifteen days. Rule 100(a). This period of time may be extended. Rule 100(g).

Either party may petition the Court of Criminal Appeals to review any decision by a court of appeals in a criminal matter. Rule 202(a). A petition for discretionary review must be filed within thirty days of the Court of Appeal's judgment or denial of rehearing. Rule 202(b). Within fifteen days after a petition for discretionary review is filed, the Court of Appeals may "summarily reconsider and correct or modify" its original opinion or judgment. Rule 101.

Rule 86 requires a mandate to issue after a court of appeals disposes of a case. But Rule 86(e) provides that if a court of appeals "vacates, modifies, corrects or reforms its judgment after a mandate has been issued, the mandate shall have no further effect and a new mandate may be issued."

**II.**

In *Jones*, the defendant's notice of appeal failed to comply with Tex.R.App.P. 40(b)(1). *Id.*, 796 S.W.2d at 185. Jones amended his notice of appeal and the Court of Appeals allowed the amendment. However, we reversed, holding a proper notice of appeal was necessary to invoke the jurisdiction of the Court of Appeals. *Id.*, 796 S.W.2d at 186–187. Therefore, because the Court of Appeals had no jurisdiction, it had no authority to allow Jones to amend his notice of appeal. *Id.*

*Jones* arose from well-settled law concerning the invocation of jurisdiction in the courts of appeals. But the instant case does not concern the invocation of jurisdiction by the Court of Appeals. Indeed, the State concedes the Court had jurisdiction initially but contends the Court lost its jurisdiction prior to issuing the subsequent opinion. Conse-

---

1. The majority implies the Court of Appeals somehow acted improperly because "[t]he [c]ourt ... in this case had five months in which to review its original opinion." *Ante*, 896

S.W.2d at 194. Five months does not seem an inordinate amount of time to review and correct an opinion.

quently, the majority's reliance on *Jones* is misplaced.

## III.

The State contends Tex.R.App.P. 2(b) is the only authority authorizing the Court of Appeals to vacate or amend an opinion more than fifteen days after a petition for discretionary review is filed.[2] But the State contends Rule 2(b) is inapplicable to the instant case because Rule 2(a) prohibits a court of appeals from using any appellate rule to enlarge its own jurisdiction.[3] Tex.R.App.P. 2(a).

We considered a similar issue in *Lopez v. State*, 708 S.W.2d 446 (Tex.Cr.App.1986). The Texas Rules of Post Trial and Appellate Procedure in Criminal Cases, the precursor to our present appellate rules, made no provision for a *second* motion for rehearing before this Court. A subsequent motion for rehearing was authorized only if we issued an opinion on rehearing which changed the disposition of the case on original submission. Tex.Cr.App.R. 309. Nevertheless, the *Lopez* Court granted the State's second motion for rehearing, utilizing a provision which was identical to our current Rule 2(b).[4] *Lopez*, 708 S.W.2d at 447 n. 1. Clearly then, if our appellate rules were to be interpreted as the State argues, the *Lopez* Court was without authority to grant the State's second motion for rehearing and its judgment was void.

However, the *Lopez* Court did not err because our appellate rules do not operate as a judicial grant of appellate jurisdiction. "Rather, they are procedural guidelines for the court to follow." Robert Huttash, Dain Whitworth & Frank Maloney, *A Review of the Creation and Enactment of Post–Trial and Appellate Statutes and Rules Applicable to Criminal Cases*, 33 BAYLOR L.REV. 843, 864 (1981). When properly read, Rule 2(a) prohibits only a construction of the Rules of Appellate Procedure which either extends or limits the appellate court's subject matter jurisdiction or geographical jurisdiction provided by Constitution or by statute.[5]

## IV.

Further, Rule 2(a) does not apply to the instant case because Rule 101 is not jurisdictional. In *Todd v. State*, 661 S.W.2d 116, 118 (Tex.Cr.App.1983), Judge McCormick recognized that in 1980 the people of Texas constitutionally changed our appellate system by granting the courts of appeals appellate jurisdiction in criminal matters. *Id.*, 661 S.W.2d at 117. Judge McCormick further recognized these constitutional changes affected our jurisdiction as well. Our jurisdiction is discretionary and invoked *only* upon our own motion. *Id.* *See also*, Tex. Const., art. V, § 5. Thus, jurisdiction in this court is not dependent upon the filing of a petition for discretionary review by either party. *Id.*, 661 S.W.2d at 118 (Tex.Cr.App.1983), citing Tex. Const., art. V, § 5, and Tex.Code Crim. Proc.Ann. art. 4.04. *See also*, Tex.R.App. Pro. 200(a) ("The Court of Criminal Appeals, on its own motion, with or without a petition for discretionary review being filed by the appellant or the State, may review a decision of a court of appeals in a criminal case");

---

2. Rule 2(b) provides:

    Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

3. Tex.R.App.P. 2(a) provides:

    These rules shall not be construed to extend or limit the jurisdiction of the courts of ap-

peals, the Court of Criminal Appeals or the Supreme Court as established by law.

4. *See*, Tex.Cr.App.R. 4. Indeed, our previous procedural rules also contained a provision which was identical to current Rule 2(a). *Compare*, Tex.Cr.App.R. 3(b) *and*, Tex.R.App.P. 2(a) (prohibited any construction of our appellate rules which might enlarge our jurisdiction).

5. The majority finds the "courts of appeals have no authority ... to create jurisdiction ... where no jurisdiction exists." *Ante*, 896 S.W.2d at 194. Yet the majority fails to discuss or demonstrate: 1) why no jurisdiction existed, and 2) why the courts of appeals had no jurisdiction. One is left to wonder whether these musings have any basis outside the majority's statements.

Carl E.F. Dally & Patricia A. Brockway, *Changes in Appellate Review in Criminal Cases Following the 1980 Constitutional Amendment*, 13 St. Mary's L.J. 211, 231–32 (1981), discussing former Tex.Cr.App.R. 302(d) ("[D]iscretionary review is on the court's own motion, whether or not either party has filed a petition for review...."). Because the mere filing of a petition for discretionary review does not invoke our jurisdiction, Rule 101 is not a jurisdictional rule.

## V.

The State next contends that, even if Rule 2(b) is applicable to the instant case, the Court of Appeals did not expressly mention the rule in its subsequent opinion. But we presume the courts of appeals comply with our procedural rules, indulging every presumption in favor of the regularity of the proceedings below. *Breazeale v. State*, 683 S.W.2d 446 (Tex.Cr.App.1984). Unless the record presents affirmative evidence to the contrary, the "presumption of regularity" requires that we presume support for the lower court's ruling. *Jones v. State*, 646 S.W.2d 449 (Tex.Cr.App.1983). *See also, Frame v. State*, 615 S.W.2d 766 (Tex.Cr.App.1981) (We presume the procedural rules were complied with when the record is silent); *Schneider v. State*, 594 S.W.2d 415 (Tex.Cr.App.1980) (We presume the regularity of criminal proceedings absent a showing to the contrary in the record). Here, the State concedes Rule 2(b) was the only authority which authorized the Court to issue a subsequent opinion. *See, Part III, supra.* Thus, under the presumption of regularity, we must presume the Court of Appeals relied upon Rule 2(b) to issue its subsequent opinion.

## VI.

The State contends, and the majority holds, there is "no reasonable basis" to permit the suspension of the operation of Rule 101 in this case. *Ante,* 896 S.W.2d at 194. I disagree for three reasons. First, our appellate rules provide that the court of appeals may vacate, modify, correct or reform a judgment after mandate has issued. Tex. R.App.P. 86(e). The majority opinion renders this rule a nullity.

Second, the majority opinion is "circular and wholly unnecessary." *Chavez v. State,* 843 S.W.2d 586, 589 (Tex.Cr.App.1992) (Baird, J., concurring). In its Rule 101 opinion the Court of Appeals sustained appellant's point of error, holding the extraneous offenses were improperly admitted under *Vernon v. State,* 841 S.W.2d 407 (Tex.Cr.App. 1992). But under the majority holding this Rule 101 opinion is withdrawn and the original opinion reinstated. *Ante,* 896 S.W.2d at 194. Consequently, appellant will now seek discretionary review before this Court. The petition must, *a fortiori,* be summarily granted and the case remanded to the Court of Appeals for reconsideration in light of *Vernon,* an act which the Court performed in its Rule 101 opinion. Then the Court of Appeals will re-issue its Rule 101 opinion, the very opinion the majority orders withdrawn today.

Third, we issued our opinion in *Vernon* on the same day as the Court of Appeals' original opinion. Thus, *Vernon* was unavailable to the Court of Appeals in its initial consideration of appellant's point of error. I fail to see how the Court of Appeals abused its discretion in such a situation.

## VII.

Finally, the State contends the Court of Appeals may never change the result of the case under Rule 101 because Rule 101 only provides for the court to "reconsider and correct or modify the opinion and judgment of the court." To support its contention the State relies upon the following dictum:

It can be argued that because the Rules do not provide for a new petition for discretionary review to be filed in response to a modified opinion, Rule 101, supra, should not be interpreted to authorize a court of appeals to change its initial disposition of a case, but merely to "correct or modify" some minor defect or oversight, whether legal or factual, in its initial opinion.

*Luken v. State,* 780 S.W.2d 264, 270 n. 8 (Tex.Cr.App.1989). But this was not the issue in *Luken* and our statements provide no authority for the State's position. As we noted in *Luken* "[t]he State does not make

this argument ... and we need not resolve it today." *Id.*

I find guidance in the reasoning we employed in *Bigley v. State*, 865 S.W.2d 26 (Tex.Cr.App.1993), where we considered the extent to which Tex.R.App.Pro. 80 allowed a court of appeals to modify the judgment of the court below. We found nothing in Rule 80 limited the power of the court of appeals to correct a lower court's judgment and we refused to judicially craft such a limitation. *Id.* at 27. In the instant case, nothing in Rule 101 limits the power of the Court of Appeals to reconsider, correct or modify its opinion or judgment and the majority's attempt to judicially craft such a limitation ignores controlling precedent.

### VIII.

Here, the Court of Appeals reconsidered its original opinion, and corrected it because of controlling, intervening authority from this Court. This action was authorized under Rules 2(b) and 101. Nevertheless, without the support of decisional authority or sound legal reasoning, the majority reinstates the original opinion, a decision we know is *not* based upon controlling authority, namely *Vernon.* Because the majority performs a disservice to our jurisprudence, as well as the bench and bar, I dissent.

MEYERS, J., joins this opinion.

