TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00585-CR

NO. 03-95-00586-CR

Sean Darrell Brown, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NOS. A-94-0403-S & A-95-0304-S, HONORABLE DICK ALCALA, JUDGE PRESIDING

PER CURIAM

 These are appeals from judgments of conviction for delivery and possession of
cocaine. Sentence was imposed in each cause on August 22, 1995. Notices of appeal were filed
one day late, on September 22. Tex. R. App. P. 41(b)(1). No extension of time for filing the
notices of appeal was requested. Tex. R. App. P. 41(b)(2). There is nothing in the record to
indicate that the notices of appeal were properly mailed to the district clerk within the time
prescribed by rule 41(b)(1). Tex. R. App. P. 4(b).

 Appellant's attorney has filed motions to permit the late filing of the notices of
appeal. In the motions, counsel states that he simply miscalculated the thirty-day time limit for
perfecting the appeals. 

 We are generally authorized to suspend the requirements of the appellate rules for
good cause. Tex. R. App. P. 2(b). Rule 2(b) does not, however, authorize us to suspend the
appellate time limits. Garza v. State, 896 S.W.2d 192 (Tex. Crim. App. 1995). Appellant's
motions for late filing of notice of appeal are accordingly overruled. Appellant's motion to use
the same statement of facts in both causes is dismissed. 

 Without timely filed notices of appeal, this Court is without jurisdiction. Rodarte
v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim.
App. 1988). Appellant must await this Court's mandates of dismissal, after which he may file
post-conviction applications for writ of habeas corpus seeking out-of-time appeals. Tex. Code
Crim. Proc. Ann. art. 11.07, § 2 (West Supp. 1995).

 The appeals are dismissed.

Before Justices Powers, Aboussie and Kidd

Dismissed for Want of Jurisdiction on Both Causes

Filed: November 22, 1995

Do Not Publish