NO. 07-02-0131-CR
NO. 07-02-0132-CR
NO. 07-02-0133-CR
NO. 07-02-0134-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 13, 2002

_____

WILLIAM DARRELL EDWARDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NOS. 42,912-B, 42,914-B, 42,915-B, 42,916-B; HONORABLE JOHN BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant William Darrell Edwards was convicted by a jury of aggravated sexual assault of a child in three separate indictments and indecency with a child by sexual contact. He was sentenced to life imprisonment in each of the aggravated sexual assault convictions and 20 years confinement in the Institutional Division of the Department of

Criminal Justice for the indecency with a child conviction, with the sentences to run cumulatively. The judgments in each proceeding show that sentencing took place on December 19, 2001. Motions for new trial were timely filed on January 18, 2002, and untimely notices of appeal on March 20, 2002. No motions for extensions of time were filed.

A timely notice of appeal is essential to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). If an appeal is not timely perfected, a court of appeals is not vested with jurisdiction and, consequently, can take no action other than to dismiss the appeal. *Id.* at 523. A notice of appeal in a criminal case must be filed within 30 days after the day sentence is imposed or suspended in open court or within 90 days after sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). If sentencing took place on December 19, 2001, as shown by the judgments in the clerk's records, then notices of appeal were due to be filed on March 19, 2002, one day prior to the day the notices were filed.

Appellant's appellate counsel has written us that he was informed by trial counsel that sentencing actually took place on December 20, 2001. However, the reporter's record shows only that the trial took place December 17-20, 2001. In an attempt to convince us that sentencing was on December 20, counsel has cited to portions of the reporter's record where recesses were taken for the night, thereby sequentially implying that sentencing was on the fourth day of trial, December 20, 2001. Nevertheless, when faced with judgments in the clerk's records clearly reciting that sentencing was on December 19, 2001, and no

2

docket notations showing when sentencing took place, we may not use such an extrapolation to override the clear language of the judgments.

Alternatively, appellant requests that we suspend the operation of the rules pursuant to Rule 2 of the Rules of Appellate Procedure and abate the appeals to the trial court to hold a hearing to determine when sentencing took place. However, as already stated, if sentencing was on December 19, as the clerk's records clearly indicate, we have no jurisdiction to take any action in these matters but to dismiss the appeals. We therefore lack the power to invoke Rule 2 to suspend operation of the rules. *Olivo*, 918 S.W.2d at 523.

The State has filed a response to appellant's arguments in which it indicates that it does not oppose this court's exercise of jurisdiction under the facts before us. Nevertheless, the time limits in the Rules of Appellate Procedure are not discretionary, and we cannot create jurisdiction where none exists. *Garza v. State,* 896 S.W.2d 192, 194 (Tex.Crim.App. 1995).

Because the notices of appeal were untimely filed, we are without jurisdiction. Accordingly, we must and do hereby dismiss the appeals.

Per Curiam

Do not publish.

3