NO. 07-02-0131-CR


NO. 07-02-0132-CR


NO. 07-02-0133-CR


NO. 07-02-0134-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 13, 2002



______________________________




WILLIAM DARRELL EDWARDS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NOS. 42,912-B, 42,914-B, 42,915-B, 42,916-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant William Darrell Edwards was convicted by a jury of aggravated sexual
assault of a child in three separate indictments and indecency with a child by sexual
contact. He was sentenced to life imprisonment in each of the aggravated sexual assault
convictions and 20 years confinement in the Institutional Division of the Department of
Criminal Justice for the indecency with a child conviction, with the sentences to run
cumulatively. The judgments in each proceeding show that sentencing took place on
December 19, 2001. Motions for new trial were timely filed on January 18, 2002, and
untimely notices of appeal on March 20, 2002. No motions for extensions of time were
filed. 

 A timely notice of appeal is essential to invoke a court of appeals' jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). If an appeal is not timely perfected,
a court of appeals is not vested with jurisdiction and, consequently, can take no action
other than to dismiss the appeal. Id. at 523. A notice of appeal in a criminal case must be
filed within 30 days after the day sentence is imposed or suspended in open court or within
90 days after sentence is imposed or suspended in open court if the defendant timely files
a motion for new trial. Tex. R. App. P. 26.2(a). If sentencing took place on December 19,
2001, as shown by the judgments in the clerk's records, then notices of appeal were due
to be filed on March 19, 2002, one day prior to the day the notices were filed. 

 Appellant's appellate counsel has written us that he was informed by trial counsel
that sentencing actually took place on December 20, 2001. However, the reporter's record
shows only that the trial took place December 17-20, 2001. In an attempt to convince us
that sentencing was on December 20, counsel has cited to portions of the reporter's record
where recesses were taken for the night, thereby sequentially implying that sentencing was
on the fourth day of trial, December 20, 2001. Nevertheless, when faced with judgments
in the clerk's records clearly reciting that sentencing was on December 19, 2001, and no
docket notations showing when sentencing took place, we may not use such an
extrapolation to override the clear language of the judgments. 

 Alternatively, appellant requests that we suspend the operation of the rules pursuant
to Rule 2 of the Rules of Appellate Procedure and abate the appeals to the trial court to
hold a hearing to determine when sentencing took place. However, as already stated, if
sentencing was on December 19, as the clerk's records clearly indicate, we have no
jurisdiction to take any action in these matters but to dismiss the appeals. We therefore
lack the power to invoke Rule 2 to suspend operation of the rules. Olivo, 918 S.W.2d at
523.

 The State has filed a response to appellant's arguments in which it indicates that
it does not oppose this court's exercise of jurisdiction under the facts before us. 
Nevertheless, the time limits in the Rules of Appellate Procedure are not discretionary, and
we cannot create jurisdiction where none exists. Garza v. State, 896 S.W.2d 192, 194
(Tex.Crim.App. 1995). 

 Because the notices of appeal were untimely filed, we are without jurisdiction. 
Accordingly, we must and do hereby dismiss the appeals. 

 Per Curiam

Do not publish.



________________________

JEFFREY LYNN COX, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15170-0310, A15191-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Jeffrey Lynn Cox appeals from the revocation of his community
supervision for the offenses of forgery and theft and the resulting concurrent sentences of
two years of confinement in a state jail facility. Appellant's attorney has filed a consolidated
brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there
are no non-frivolous issues to appeal. Agreeing with appointed counsel’s conclusion the
record fails to show any arguably meritorious issue that could support the appeal, we affirm
the trial court’s judgments. 
          In October 2003, appellant was charged by indictment of the offense of forgery.


 
In a separate October 2003 indictment, appellant was charged with the offense of theft.


 
On February 23, 2004, pursuant to a plea agreement, appellant plead guilty as charged
in each of the indictments and, on February 24, was placed on deferred adjudication
community supervision for a period of five years for each cause. Appellant’s deferred
adjudication was conditioned on his compliance with specified terms and conditions.
          On March 13, 2006, the State filed its first motions to revoke. By agreed orders,
appellant’s community supervision for each cause was modified to include additional terms
and conditions. In June 2008, the State filed its second motions to revoke, setting forth
several violations of the terms and conditions of appellant’s deferred adjudication
community supervision. The alleged violations included allegations that appellant
committed the offense of intentionally, knowingly or recklessly causing bodily injury to
another on April 15, 2008, admitted to using alcohol in April 2008, failed to report as
required for the month of December 2007 and March 2008, failed to pay fines and fees as
required, failed to attend AA meetings as required, and willfully and knowingly violated his
curfew.


 On September 5, 2008, this motion was heard by the court. Appellant pled ”true”
to all of the State’s allegations for each cause.
              The State presented the testimony of appellant’s community supervision officer. 
Appellant testified, acknowledging and explaining the violation of the terms of his community
supervision. After hearing the evidence presented and pursuant to appellant’s pleas of
“true,” the trial court revoked appellant’s community supervision and sentenced appellant
to two years to run concurrently in a state jail facility of the Texas Department of Criminal
Justice, and ordered him to pay court costs, restitution, and any court appointed attorney’s
fees. This appeal followed.
          Appellant's appointed appellate counsel filed a consolidated motion to withdraw and
a consolidated brief in support pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed. 493 (1967), in which he certifies that he has diligently reviewed the record
for each cause and, in his professional opinion, under the controlling authorities and facts
of these cases, there is no reversible error or legitimate grounds upon which a non-frivolous
appeal can arguably be predicated. The brief discusses the procedural history of the
causes and the proceedings in connection with the motions to revoke. Counsel also notes
one potential issue upon which error may lie but has explained why the argument lacks
merit. Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has advised appellant of his right to review the
record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco
1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a
response to the Anders brief and motion to withdraw filed by his counsel. Appellant has not
filed a response.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). In his brief, counsel notes a potential issue concerning the legal and factual
sufficiency of the evidence to support the revocations. At the revocation hearing, appellant
plead “true” to all of the State’s allegations. A plea of “true” to even one allegation in the
State’s motion is sufficient to support a judgment revoking community supervision. Cole v.
State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209
(Tex.App.–San Antonio 2006, pet. denied). We agree there is no arguably meritorious
ground for appeal on this point.
         We find also no arguably meritorious point may be raised with regard to the
punishment assessed to appellant. The trial court assessed punishment for appellant at two
years of confinement, to run concurrently, at a state jail facility. This is an acceptable term
within the permissible range.


 It is the general rule that as long as a sentence is within the
proper range of punishment, it will not be disturbed on appeal. Jackson v. State, 680
S.W.2d 809, 814 (Tex.Crim.App. 1984). 
          Our review convinces us that appellate counsel conducted a complete review of the
record for each cause. We have also made an independent examination of the entire record
for each cause to determine whether there are any arguable grounds which might support the
appeal. We agree the records present no arguably meritorious grounds for review. We grant
counsel's motion to withdraw


 in each cause and affirm the judgments of the trial court.
 
                                                                James T. Campbell

                                                                         Justice

 
 
 
Do not publish.