**Isriel McBRIDE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–03–0143–CR.**

Court of Appeals of Texas,
Amarillo.

March 15, 2004.

Isriel McBride Jr., Tennessee Colony, TX, pro se.

Wade Jackson, Asst. Criminal Dist. Atty., Lubbock, TX, for State.

Before PHIL JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER**

PHIL JOHNSON, Chief Justice.

By opinion dated December 12, 2003, we dismissed the appeal in this matter for want of jurisdiction. Appellant, Isriel McBride, Jr., did not file a motion for rehearing. He filed a motion for extension of time to file a Petition for Discretionary Review (PDR), which was granted by the Court of Criminal Appeals.

Pending before the Court is "Appellant's Pro Se Motion in Response to Court of Criminal Appeal's Order, In Which to File a Petition for Discretionary Review" which was filed on March 5, 2004. Attached to the motion is a copy of a postcard from the Court of Criminal Appeals dated January 30, 2004, referencing COA # 07–03–00143–CR. The postcard notifies appellant that his *pro se* motion for an extension of time to file a PDR has been granted and that the time to file a PDR has been extended to March 12, 2004. The postcard also states that the PDR must be filed with the Court of Appeals. *See* Tex.R.App. P. 68.2.

Appellant's motion in this court states that he will be unable to file a PDR on or before March 12, 2004. He seeks relief in the nature of either (1) an order that the trial court hold an evidentiary hearing on matters relevant to allegations made in his motion, or (2) a bench warrant directing that appellant be brought from Anderson County, where he is incarcerated in the TDCJ–Institutional Division, to the trial court in Lubbock County, so that he can present evidence.

Our plenary power expired 60 days following entry of our judgment. *See* TRAP 19.1(a). If appellant invokes the Court of Criminal Appeals' jurisdiction by timely filing a PDR, *see Garza v. State,* 896 S.W.2d 192, 194–95 (Tex.Crim.App.1995), we will have jurisdiction to reconsider and correct or modify our opinion or judgment. *See* TRAP 50. In the absence of a timely-filed PDR, however, we do not have jurisdiction to take any action on appellant's motion other than to dismiss it for want of jurisdiction.

The motion is dismissed for want of jurisdiction.