

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00196-CR
_____

KENNETH GIDDENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 04532

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

We have received an appeal from Kenneth Giddens in connection with the denial of his application for writ of habeas corpus filed pursuant to Article 11.072, Section 2 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2 (Vernon 2005). Giddens was convicted of criminal mischief and sentenced to two years in a state-jail facility and placed on community supervision for five years. The record reflects that the trial court entered an order denying the application as frivolous, as authorized by Article 11.072, Section 7(a). *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (Vernon 2005).

Under Article 11.072, Section 8, if the court denies an application, the movant may appeal from that ruling to the court of appeals. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (Vernon 2005).

The trial court's ruling was signed on June 2, 2008. The notice of appeal was filed on August 4, 2008, and on its face is thus untimely. *See* TEX. R. APP. P. 26.2(a)(1). The notice of appeal states that it is late because counsel did not receive a copy of the signed order until July 30, 2008. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(b) (Vernon 2005) (requiring clerk to immediately, by certified mail with return receipt requested, send a copy of the order to the parties).

Even assuming that this is correct, our jurisdiction over an appeal is circumscribed by statute and rule, and we are not permitted to engage in actions that will enlarge that jurisdiction. Courts of appeals may not employ Rule 2 of the Texas Rules of Appellate Procedure to suspend appellate time

limits. *Garza v. State*, 896 S.W.2d 192 (Tex. Crim. App. 1995); *see* TEX. R. APP. P. 2. Without a timely filed notice of appeal, this Court is without jurisdiction. *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993); *see Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998).

We have provided counsel with an opportunity to explain how we might nonetheless be able to exercise jurisdiction over this appeal, and counsel has suggested that we abate the case for hearings under TEX. R. APP. P. 4.2 and TEX. R. CIV. P. 306a.

In support of that argument, counsel suggests that although Article 11.07 writs have been held to be criminal proceedings, *see Aranda v. District Clerk*, 207 S.W.3d 785 (Tex. Crim. App. 2006), the court has not held that an 11.072 writ is criminal; thus, we have the option of treating it as a civil proceeding and applying the civil procedural rules.[1] In further support, counsel correctly points out that the appellate timetables typically begin upon the pronouncing of sentence in open court. Thus, a defendant has actual notice. In proceedings such as this, where the only ruling is written, the act of a district clerk in sending notice becomes critical to the exercise of any appellate remedy.

Although the State has conceded that the district clerk failed to provide the notice required by the statute, we find that we cannot agree that this is a civil proceeding. Thus, the possible extended timetable provided by Rule 306a of the Texas Rules of Civil Procedure cannot apply, and as noted above, we have been instructed in detail by the Texas Court of Criminal Appeals that we

---

[1]TEX. CODE CRIM. PROC. ANN. art 11.07 (Vernon Supp. 2008), art. 11.072 (Vernon 2005).

may in no circumstances utilize the rules to expand our jurisdiction by lengthening the time available to seek an appeal. *See* TEX. R. CIV. P. 306a. It thus appears that, in the same way as in a normal criminal appeal, Giddens's remedy will be to seek an order granting an out-of-time appeal from the Texas Court of Criminal Appeals.

We have no option but to dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     October 21, 2008
Date Decided:       October 22, 2008

Do Not Publish

4