

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00209-CR

_____

FELIPE RUBIO GASPAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 22481

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Felipe Rubio Gaspar appeals. We have received a motion from counsel asking us to extend the time for filing his notice of appeal. He states that Gaspar was convicted June 12, 2008, that a motion for new trial and arrest of judgment was filed, and that appellate counsel was appointed. Counsel states that he asked the district clerk whether a notice of appeal had been filed and was told that it had been. However, on October 15, 2008, counsel discovered that no notice of appeal had been filed, and he filed a notice of appeal October 16, 2008.

With conviction and sentencing occurring June 12, 2008, and with a motion for new trial being timely filed, the notice of appeal was due to be filed no more than ninety days later, on September 10, 2008. The rule also provides a fifteen-day grace period, which expired September 25, 2008. *See* TEX. R. APP. P. 26.2. The information before this Court reflects that no notice of appeal or motion to extend time was filed until over twenty days after the expiration of the grace period.

Our jurisdiction over an appeal is circumscribed by statute and rule, and we are not permitted to engage in actions that will enlarge that jurisdiction. Without a timely filed notice of appeal, this Court is without jurisdiction. *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993); *see Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998). Further, courts of appeals may not employ Rule 2 of the Texas Rules of Appellate Procedure to suspend appellate time limits and thus expand our jurisdiction. *Garza v. State*, 896 S.W.2d 192 (Tex. Crim. App. 1995); *see* TEX. R. APP. P. 2.

Therefore, based on the information before us, we must conclude the notice of appeal is untimely.[1]

We dismiss the appeal for want of jurisdiction.


                                          Bailey C. Moseley
                                          Justice


Date Submitted:     October 22, 2008
Date Decided:       October 23, 2008

Do Not Publish

---

[1]We are relying on counsel's statements concerning the timing of the events giving rise to the notice of appeal.  The relief sought must be granted by the Texas Court of Criminal Appeals.