In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00205-CR


______________________________




FELIPE RUBIO GASPAR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 22384




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Felipe Rubio Gaspar appeals. We have received a motion from counsel asking us to extend
the time for filing his notice of appeal. He states that Gaspar was convicted June 12, 2008, that a
motion for new trial and arrest of judgment was filed, and that appellate counsel was appointed. 
Counsel states that he asked the district clerk whether a notice of appeal had been filed and was told
that it had been. However, on October 15, 2008, counsel discovered that no notice of appeal had
been filed, and he filed a notice of appeal October 16, 2008.

 With conviction and sentencing occurring June 12, 2008, and with a motion for new trial
being timely filed, the notice of appeal was due to be filed no more than ninety days later, on
September 10, 2008. The rule also provides a fifteen-day grace period, which expired September 25,
2008. See Tex. R. App. P. 26.2. The information before this Court reflects that no notice of appeal
or motion to extend time was filed until over twenty days after the expiration of the grace period. 

 Our jurisdiction over an appeal is circumscribed by statute and rule, and we are not permitted
to engage in actions that will enlarge that jurisdiction. Without a timely filed notice of appeal, this
Court is without jurisdiction. Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); see Slaton
v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). Further, courts of appeals may not employ Rule 2
of the Texas Rules of Appellate Procedure to suspend appellate time limits and thus expand our
jurisdiction. Garza v. State, 896 S.W.2d 192 (Tex. Crim. App. 1995); see Tex. R. App. P. 2.

 Therefore, based on the information before us, we must conclude the notice of appeal is
untimely. (1)

 We dismiss the appeal for want of jurisdiction.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 22, 2008

Date Decided: October 23, 2008


Do Not Publish


1. We are relying on counsel's statements concerning the timing of the events giving rise to the
notice of appeal. The relief sought must be granted by the Texas Court of Criminal Appeals.