

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00130-CR

_____

GARY SHEPARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Hunt County, Texas
Trial Court No. CR0800474

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Gary Shepard appeals from his conviction of driving while intoxicated. Shepard's sentence was imposed November 7, 2008. Shepard filed a motion for new trial April 15, 2009, by hand delivering it to the office for the County Court at Law of Hunt County. His notice of appeal was filed June 19, 2009.

Shepard has filed a motion with this Court for us to grant an out-of-time appeal. In *State v. Riewe*, the Texas Court of Criminal Appeals stated, "the time limits set forth in the Rules of Appellate Procedure are not discretionary. The courts of appeals have no authority to suspend the operation of a rule of appellate procedure in order to create jurisdiction in the court of appeals where no jurisdiction exists." 13 S.W.3d 408, 412 (Tex. Crim. App. 2000), *overruled on other grounds by Bayless v. State*, 91 S.W.3d 801 (Tex. Crim. App. 2002) (quoting *Garza v. State*, 896 S.W.2d 192, 194 (Tex. Crim. App. 1995)). This Court has no authority to grant an out-of-time appeal. We overrule Shepard's motion.[1]

Shepard had thirty days after the day sentence was imposed to file a notice of appeal, or to timely file a motion for new trial and thereby extend his time to file a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1), 21.4. Since Shepard's sentence was imposed November 7, 2008, the thirty days expired on Monday, December 8, 2008. Shepard filed his motion for new trial April 15, 2009. It

---

[1]Out-of-time appeals are available only by the grant of a writ of habeas corpus on application to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2008).

was not timely. His notice of appeal was thus due on or before December 8, 2008, but was not filed until June 19, 2009. A late notice of appeal invokes the appellate court's jurisdiction only if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996). Further, when a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Id.* at 522 (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)).

The Texas Court of Criminal Appeals interprets Rule 26.3 of the Rules of Appellate Procedure strictly to require an appellant in a criminal case to file his notice of appeal and a motion for extension within the fifteen-day period for filing a late notice of appeal. *Id.* at 522–26; *see* TEX. R. APP. P. 26.3. The Texas Court of Criminal Appeals has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo* at 522; *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998). This appeal is untimely brought, and we are without jurisdiction to hear this case.

We dismiss this appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     July 30, 2009
Date Decided:       July 31, 2009

Do Not Publish