**Ex Parte Ricardo SIERRA, Jr., Applicant.**

**No. 1832–03.**

Court of Criminal Appeals of Texas.

Dec. 17, 2003.

Anthony M. Smith, San Antonio, for Appellant.

Kevin Patrick Yeary, Assistant District Attorney, San Antonio, Matthew Paul, State's Attorney, Austin, for State.

Motion to Vacate Clerk's Letter Concerning Application of Rule 50, Tex. R.App.P. and to Order Compliance with Rule 68.8, Tex.R.App.P. denied.

JOHNSON, J., filed a statement concurring in the dismissal of the motion, in which PRICE, HERVEY, and COCHRAN, JJ., join.

## STATEMENT

JOHNSON, J., filed a statement concurring in the dismissal of the motion, in which PRICE, HERVEY, and COCHRAN, JJ., join.

I concur in the Court's denial of movant's Motion to Vacate Clerk's Letter Concerning Application of Rule 50, Tex.R.App. P. and to Order Compliance with Rule 68.8, Tex.R.App. P. I write to clarify the procedural status of applicant's case.

Movant appealed his conviction. On April 30, 2003, the court of appeals issued its opinion. Movant then timely filed a motion for reconsideration *en banc* on May 16 and an amended motion on May 23. The court of appeals denied those motions on June 4. Movant filed his petition for discretionary review on July 3. On August 1, the court of appeals issued a "supplemental opinion" that "clarified" but neither modified, corrected, nor withdrew its earlier opinion. Hearing nothing about the status of his petition, movant inquired of the court of appeals what had happened to it, as it had still not been forwarded to this Court by October 23.

The explanation for the failure to forward the petition for discretionary review was that the clerk of the court of appeals was of the opinion that *any* opinion issued by the court of appeals after the original opinion triggers Tex.R.App. P. 50:

Within 30 days after a petition for discretionary review has been filed with the clerk of the court of appeals that delivered the decision, a majority of the justices who participated in the decision may summarily reconsider and correct or modify the court's decision or judgment. **If the court's opinion or judgment is corrected or modified, the original opinion must be withdrawn and the modified or corrected opinion must be substituted as the opinion or judgment of the court. The original petition for discretionary review is dismissed by operation of law.** Any party may then file with the court of appeals a petition for discretionary review seeking review of the corrected or modified opinion or judgment under Rule 68.2.

The highlighted text is at issue here. Movant argues that Rule 50 was not triggered because the "supplemental" opinion explicitly "clarified" the original without modifying or correcting it, and the original was not withdrawn nor was the subsequent opinion ordered substituted for the original.

After movant's inquiry, the clerk of the court of appeals reread Rule 50, agreed with movant's interpretation of Rule 50 and the series of events, and forwarded movant's petition to us. Our clerk's office also believed that *any* opinion triggered Rule 50 and returned the petition to the court of appeals. Movant is now asking us to accept his petition as timely filed under Rule 68.8.

While movant's argument as to the applicability of Rule 50 in this case may have merit, we need not address it here, for he has fallen into a trap for the unwary in regard to motions for rehearing and motions for reconsideration *en banc*, a recurring problem. Motions for rehearing pur-

suant to Tex.R.App.P. 49.1 toll the time for filing a petition for discretionary review, but motions for reconsideration *en banc* pursuant to Tex.R.App.P. 49.7 do not. Movant's requests to the court of appeals were filed pursuant to Rule 49.7, and therefore the time period for the filing of a petition for discretionary review was not tolled. His petition for discretionary review was due within 30 days of the issuance of the opinion of the court of appeals, i.e., on or before May 30. Movant's petition for discretionary review was filed on July 3 and was untimely.