IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00282-CR

 

Shawna Beller,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 411th District Court

Polk County, Texas

Trial Court # 16480

 



DISSENTING Opinion ON ORDER
WITHDRAWING

JUDGMENT AND OPINION ON PETITION
FOR

DISCRETIONARY REVIEW



 








      This
Court lacks jurisdiction to take the action that it purports to take.  Accordingly, I dissent.

      We
have issued a judgment and opinion in this case.  See
Beller v. State, No. 10-02-00282-CR, 2004 Tex. App. LEXIS 8343 (Tex. App.—Waco Sept. 15, 2004, pet. filed). 
Appellant did not file a motion for rehearing.  Appellant has now filed a petition for
discretionary review.  See Appellant’s Pet., Beller v. State (Tex. Crim. App.) (No.
PD-04-1___).  Justice Reyna, who signed
the Court’s opinion, with Justice Vance, together acting as the Court per
curiam, now purport to withdraw our judgment and opinion.  See
Beller v. State, No. 10-02-00282-CR, 2004 Tex. App. LEXIS 10354 (Tex. App.—Waco Nov. 17, 2004, order) (not designated for publication) (per
curiam).  We lack jurisdiction to do
so.  Moreover, the Court’s actions do not
have the effect that the Court desires, namely the dismissal of Appellant’s petition.

      The
Court’s order withdrawing its judgment and opinion on petition for
discretionary review states:

      The opinion
and judgment dated September 15, 2004
are withdrawn.  Appellant’s petition for
discretionary review is dismissed by operation of law.  See
Tex. R. App. P. 50.

Beller,
2004 Tex. App. LEXIS 10354.

      Texas
Rule of Appellate Procedure 50, however, does not so provide.  Rule 50 provides:

      Within
30 days after a petition for discretionary review has been filed with the clerk
of the court of appeals that delivered the decision, a majority of the justices
who participated in the decision may summarily reconsider and correct or modify
the court’s opinion or judgment.  If the
court’s opinion or judgment is corrected or modified, the original opinion or
judgment must be withdrawn and the modified or corrected opinion or judgment
must be submitted as the opinion or judgment of the court.  The original petition for discretionary
review is dismissed by operation of law. 
Any party may then file with the court of appeals a petition for
discretionary review seeking review of the corrected or modified opinion or
judgment under Rule 68.2.

Tex. R. App. P. 50. 
In the instant cause, the Court does not correct or modify its judgment
or opinion, and does not submit a modified or corrected judgment or
opinion.  Indeed, the Court does not submit
any judgment or opinion at all.  The
Court purports only to withdraw its judgment and opinion.

      The
Court lacks jurisdiction to withdraw our judgment and opinion.  After a petition for discretionary review has
been filed in the court of appeals, the Court of Criminal Appeals and the court
of appeals share limited concurrent jurisdiction.  The Court of Criminal Appeals acquires
jurisdiction over the court of appeals’ judgment, and the court of appeals
loses jurisdiction except to “correct or modify” its judgment or opinion.  Before the petition is filed in the court of
appeals, the Court of Criminal Appeals has exclusive limited jurisdiction, for
example over such matters as motions for extension of time to file the
petition.  See Tex. R. App. P.
68.2(c).  After the petition is filed in
the court of appeals, however, primary jurisdiction vests in the Court of
Criminal Appeals.  The Court of Criminal
Appeals has held, “Just as the timely filing of a notice of appeal vests the
appellate courts with jurisdiction to consider the appeal, the timely filing of
a petition for discretionary review vests this Court with jurisdiction to
review the judgment of the Court of Appeals.” 
Garza v. State, 896 S.W.2d
192, 194-95 (Tex. Crim. App. 1995).  By
the same token, Rule 50 grants the court of appeals a continuing jurisdiction
limited in time and scope.  Oldham v. State, 977 S.W.2d 354, 374 n.4
(Tex. Crim. App. 1998) (Price, J., dissenting); see Ex parte Brashear, 985 S.W.2d 460, 460 (Tex. Crim. App. 1998)
(per curiam).  Interpreting Rule of
Appellate Procedure 101, the predecessor of Rule 50, the Court of Criminal
Appeals held that the Rules “grant[] the appellate court an additional” period
“following the filing of the petition in which to act if the majority of justices
who participated in the decision conclude that the original opinion requires
reconsideration or modification.”  Garza at 195 (interpreting Tex. R. App. P. 101, 49 Tex. B.J. 556, 584 (Tex. Crim. App.
1986) (repealed 1997) (current version at Tex.
R. App. P. 50)); see Brashear
at 460.  That jurisdiction is limited in
time to thirty days, and limited in scope to “correct[ing] or modify[ing] the
court’s opinion or judgment.”  Tex. R. App. P. 50.  After the period within which the court of
appeals may act under the rule expires, the Court of Criminal Appeals’
jurisdiction becomes exclusive.  Brashear at 460; Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Garza at 195.  This Court lacks jurisdiction merely to
withdraw its judgment and opinion after the appellant files a petition for
discretionary review.

      The
predecessor of Rule 50, former Rule 101, was criticized for permitting summary
reconsideration without permitting the parties to file a new petition for
discretionary review of the new judgment and opinion.  See
Tex. R. App. P. 101, 49 Tex. B.J. 556, 584 (Tex. Crim. App.
1986) (repealed 1997) (current version at Tex.
R. App. P. 50).  “It can be argued
that because the Rules do not provide for a new petition for discretionary
review to be filed in response to a modified opinion, Rule 101 . . .
should not be interpreted to authorize a court of appeals to change its initial
disposition of a case, but merely to ‘correct or modify’ some minor defect or
oversight, whether legal or factual, in its initial opinion.”  Luken
v. State, 780 S.W.2d 264, 270 n.8 (Tex. Crim. App. 1989).  To “correct,” in this sense, means to “make
or set right” or “remove the faults or errors from.”  Webster’s
Third New International Dictionary of the English Language 511 (Philip
Babcock Gove ed., unabridged 1993).  To
“modify,” by the same token, means to “make minor changes in the form or
structure of” or “alter without transforming.” 
Webster’s Third New International
Dictionary of the English Language 1452. 
The Court has done neither of these things.

      As
Justice Charles Ben Howell of the Dallas Court of Appeals wrote in dissent:

            First rule 101, on its face, provides that
we may act “summarily.”  It is a
fundamental tenet of procedural due process that a tribunal shall act only
after both parties have been accorded an opportunity to be heard.  See U.S.
CONST. Amend. XIV, § 1.  Our
majority interprets rule 101 as empowering this Court to act after only one
side to a litigation has been heard.  All
summary procedures are constitutionally suspect; they do not meet due process
minimums unless there is a clear and specific need to act summarily, and then,
only if an after-the-fact hearing is provided with all due haste.  Cf.
Fuentes v. Shevin, 407 U.S.
67, 82, 92 S.Ct. 1983, 1995, 32 L.Ed.2d 556 (1972) (an individual must be given
opportunity for hearing before deprivation of property, except for
“extraordinary situations where some valid governmental interest is at stake
that justifies postponing the hearing until after the event”).  These considerations apply doubly in the
criminal context where human liberty is at stake.

 

      Second,
the party petitioning for discretionary review has been given the opportunity
to maneuver his opponent out of a hearing. 
He may elect, as here, not to file a motion for rehearing for the intent
and purpose of depriving his opponent of the right to be heard and may reserve
his grounds to attack our judgment for inclusion in a petition for
discretionary review, knowing that the court of appeals will treat the petition
as a motion for rehearing. . . .

 

      Third, the
rule, as our majority would interpret it, gives to a party the right to file
two motions for rehearing, one to be decided after both parties have been
accorded the opportunity to be heard, and one to be decided “summarily.”  Fourth, as already indicated, the rule
effectively deprives the party who has successfully argued his case in a
plenary proceeding of the right to be heard before his judgment is taken from
him.

Christopher
v. State, 779 S.W.2d 459,
464-65 (Tex. App.—Dallas 1989) (op. on reh’g) (Howell, J., dissenting), rev’d on other grounds, 833 S.W.2d 526
(Tex. Crim. App. 1992).

      Current
Rule 50, the successor of Rule 101, does generally provide that when a court of
appeals corrects or modifies its judgment or opinion on petition for
discretionary review, so that the original petition is dismissed by operation
of law, “Any party may . . . file with the court of appeals a
petition for discretionary review seeking review of the corrected or modified
opinion or judgment . . . .” 
Tex. R. App. P. 50.  In the instant cause, however, the parties
cannot file petitions for discretionary review of this Court’s interlocutory
order; parties may file petitions for review only of a court’s decisions.  Tex.
Code Crim. Proc. Ann. art. 44.45(b) (Vernon 2004-2005); Tex. R. App. P. 68.1; Jack v. State, No.0413-02, 2004 Tex.
Crim. App. LEXIS 517, at *9 (Tex. Crim. App. Mar. 24, 2004) (per curiam)
(abatement order); Bailey v. State, 87
S.W.3d 122, 123 n.2 (Tex. Crim. App. 2002); Williams
v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989) (abatement order) (per
curiam); Measeles v. State, 661
S.W.2d 732, 733 (Tex. Crim. App. 1983) (abatement order) (per curiam).  The Court’s actions in the instant cause,
then, are subject to the same criticisms as former Rule 101.

      The
Rule 50 issue continues to arise in the Court of Criminal Appeals.  In Ex
parte Sierra, the court of appeals filed a “supplemental opinion” that
“clarified” the original opinion, but did not modify or correct it.  Ex
parte Sierra, 122 S.W.3d 202, 203 (Tex. Crim. App. 2003) (order) (Johnson,
J., concurring).  The Court unanimously
dismissed the appellant’s petition for discretionary review as untimely
filed.  See Ex parte Sierra, No. 1832-03, 2003 Tex. Crim. App. LEXIS 962, at *1 (Tex. Crim. App. Dec. 17, 2003) (order); Sierra,
122 S.W.3d 202 (Johnson, J., concurring). 
In a special concurrence, however, Judge Johnson, joined by three other
judges, wrote to add that the appellant’s argument that the court of appeals’
“supplemental opinion” did not bring about the dismissal of the petition under
Rule 50 “may have merit.”  Sierra, 122 S.W.3d at 203 (Johnson, J.,
concurring); see Sierra v. State, No.
04-01-00455-CR, 2003 Tex. App. LEXIS 6655 (Tex. App.—San Antonio Aug. 1, 2003,
pet. dism’d, untimely filed) (supp. op.) (mem. op.).  In the instant cause, too, the per curiam
Court’s actions do not implicate Rule 50 and do not bring about the dismissal
of the petition by operation of law.

      The
majority’s apparent interpretation would allow a court of appeals to evade
effective review by the Court of Criminal Appeals.  As that Court noted in Garza v. Texas, in a similar case in which a court of appeals
attempted to act outside of its jurisdiction on a petition for discretionary
review, if such were permitted, “there would be nothing this Court could do to
promote the timeliness of the appellate process and the very purpose of the
Rules would be undermined.”  Garza, 896 S.W.2d at 194.  

      The
Rules of Appellate Procedure provide, failing correction or modification of the
judgment or opinion, that is,

[u]nless a petition for discretionary review is
dismissed under Rule 50, the clerk of the court of appeals must, within 30 days
after the petition is filed, send to the clerk of the Court of Criminal Appeals
the petition and any copies furnished by counsel, together with the record,
copies of the motions filed in the case, and copies of any judgments, opinions,
and orders of the court of appeals.

Tex. R. App. P. 68.7(b).  Appellant’s petition for discretionary review
not having been dismissed under Rule 50, our Clerk is now bound to send it to
the Court of Criminal Appeals.  

RESPONSE
TO THE SO CALLED CONCURRING OPINION

          While
I disagree with the characterization of events as contained in Justice Vance’s
concurring opinion, I have not, and at least for now will not, comment upon the
internal operations and decision making process within the Court.  Well, I guess I must at least place his
effort to quote me in context.  Note the
quote specifically references “withdrawal” not correct or modify.  See
Tex. R. App. P. 19.  The Court had previously taken the position
it could withdraw an opinion after a PDR was filed pursuant to Rule 19, a
position to which I had expressed my disagreement.  Parsons
v. State, No. 10-03-00007-CR, 2004 Tex. App. LEXIS 7527 (Tex. App.—Waco, Aug. 18, 2004, order)(Gray, C.J., dissenting).  And if the Court had been consistent in the
way it was dealing with this situation, then I had my dissent already prepared
by a simple reference to my prior dissenting opinion.  But, alas, inconsistency runs rampant.  The Court, when challenged on its legal
theory, runs a different direction, and creates new problems.  It reminds me of The NeverEnding Story (Warner Brothers 1984)(motion picture).  I do note that after delaying the issuance of
my dissent by four weeks the concurring opinion does not offer any substantive
analysis about the relevant issue.  It
does not matter, then or now; we still have no jurisdiction.

CONCLUSION

      The
Court lacks jurisdiction on reconsideration on petition for discretionary
review to issue an order purporting to withdraw its judgment and opinion,
without submitting a corrected or modified judgment or opinion.  Moreover, failing such, the Clerk can only
forward the petition and record to the Court of Criminal Appeals.  I dissent from the Court’s order.

TOM GRAY

Chief Justice

Dissenting opinion on order withdrawing judgment
and opinion on petition for discretionary review delivered and filed December
 29, 2004[1]

Publish











[1] The
Court’s order was issued November 17,
 2004 with the notation “Chief Justice Gray dissents and dissenting
opinion will issue at a later date.”