Phillip **WESTERGREN**, Relator,

v.

Hon. Manuel **BANALES**, District Judge, 105th District Court of Nueces County, Texas, Respondent.

No. 13–89–192–CV.

Court of Appeals of Texas, Corpus Christi.

June 29, 1989.

Phillip Westergren, Corpus Christi, for relator.

Carlos Valdez, County Atty., Corpus Christi, for respondent.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

In this original proceeding, relator Phillip Westergren requests this Court to order the Honorable Manuel Banales, judge of the 105th District Court, to enter an order awarding attorney's fees in a criminal case, without conditioning the award upon payment by the defendant. We conditionally grant the writ.

Relator was appointed by Judge Banales to assist in the representation of Elizabeth Jeanne Jones who was accused of killing her husband, a Corpus Christi police officer. Two special prosecutors had already been appointed. Mrs. Jones had retained Douglas Tinker to represent her. Prior to trial, Mr. Tinker requested the Court to appoint another attorney to assist him in his representation of Mrs. Jones. The Court appointed relator to assist Mr. Tinker. At the time relator was appointed, the Court said that there was no need for Mrs. Jones to sign an affidavit of indigency. The State did not take a position with respect to relator's appointment.

Mrs. Jones was acquitted by a jury on April 17, 1989. Relator filed his fee request for $7,215.00 on April 20, 1989. The Court held a hearing and entered an order that Mrs. Jones had financial resources with which to pay relator. The Court found that relator should be awarded $5,915.00, but conditioned his payment upon Mrs. Jones first paying that amount to Nueces County. Relator does not complain of the reduced amount of the award, but contends that the trial court was with-out authority to condition the award on Mrs. Jones' payment to Nueces County.

The law is that a trial court shall appoint *one or more* practicing attorneys to represent a defendant whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is: 1) indigent or 2) that the *interests of justice* requires such representation. Tex.Code Crim.Proc.Ann. art. 26.-04(a) (Vernon 1989). In such cases, counsel appointed to represent a defendant in a criminal proceeding shall be reimbursed for reasonable expenses incurred. Tex.Code Crim.Proc.Ann. art. 26.05(a) (Vernon 1989). All payments made shall be paid from the general fund of the county in which the prosecution was instituted. Tex.Code Crim.Proc.Ann. art 26.05(d) (Vernon 1989). If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of legal services, the court shall order the defendant to pay the amount that it finds the defendant able to pay. Tex.Code Crim. Proc.Ann. art. 26.05(e) (Vernon 1989).

The enforcement of an order issued pursuant to a criminal statute is a criminal law matter. *Smith v. Flack*, 728 S.W.2d 784, 789 (Tex.Crim.App.1987). In order for mandamus to issue in a criminal matter the relator must establish that the act he seeks to compel is ministerial and no other adequate remedy at law is available.

The language of article 26.05 indicates that attorneys shall be reimbursed from the general fund of the county in which the suit was prosecuted. Here, relator sought to be reimbursed for legal services rendered pursuant to appointment. The payment of those fees, in our opinion, is ministerial. The amount of the fee was clearly within the trial court's discretion and is not in issue here. While article 26.05(e) allows the court to order defendant to pay the amount it finds defendant able to pay, this section does not negate the requirement that all payments be made from the general funds of the county under article 26.05(d). It was improper for the trial court to so condition its order in view of its earlier appointment. To hold other-

wise would potentially shake the foundations of the criminal appointment system. Relator has met his burden to show that the act he seeks to compel is ministerial.

Respondent argues that relator has an adequate remedy at law because he could file a civil suit. The Court of Criminal Appeals suggested in *Flack* that filing a civil suit was not adequate in an analgous situation. The Court in *Flack* suggests that relief from and interpretation of a criminal statute should be considered through the criminal appellate system. A civil suit would not allow a case to be appealed to the Court of Criminal Appeals which is the final arbiter of criminal law matters. The Court suggested that the civil remedy would not be equally as convenient, beneficial and effective as mandamus. We agree mandamus is proper in this instance.

We conditionally grant relator's writ of mandamus. We assume that Judge Banales will enter an order awarding attorney's fees in the amount of $5,915.00 and that this order will be directed to Nueces County to disburse the funds not conditioned on the payment by Mrs. Jones to the County first. This is not to be understood as precluding Nueces County from filing suit against Mrs. Jones to recover funds paid to relator. Writ of mandamus will issue only if Judge Banales fails to enter the order. All other relief requested by relator is denied.