ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 7, 2011

The Honorable Jack A. McGaughey
97th District Attorney
Post Office Box 55
Montague, Texas 76251-0055

Opinion No. GA-0884

Re: Appointment of counsel in criminal cases for non-indigent defendants (RQ-0962-GA)

Dear Mr. McGaughey:

You ask about the appointment of counsel in criminal cases for non-indigent defendants.[1] You provide the following account of events giving rise to your question.[2] In 2009, the county and district judges serving Archer County, Texas, issued a standing order establishing a fee schedule for attorneys appointed to represent indigent criminal defendants in Archer County, which you inform us has not been superseded. Request Letter at 1. In 2010, the commissioners court of Archer County entered into a contract with two attorneys retained to represent indigent defendants in cases in the county, with the basic rate being $150 for each guilty plea in a single misdemeanor case. *Id.* at 1–2.

You first ask whether a "County Judge may appoint counsel in criminal cases for non-indigent defendants." *Id.* at 1. Generally, a court does not have a duty to appoint counsel absent a showing of indigency. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). However, the Code of Criminal Procedure provides that a court "shall" appoint counsel "[w]henever a court or the court's designee . . . determines that a defendant charged with a felony or a misdemeanor punishable by confinement is indigent *or that the interests of justice require representation* of a defendant in a criminal proceeding . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.04(c) (West Supp. 2010) (emphasis added).[3] Because the statute uses the disjunctive "or," it allows for the possibility

---

[1]*See* Letter from Honorable Jack A. McGaughey, 97th District Attorney, to Office of the Attorney General at 1 (Apr. 11, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]We have also received briefing that asserts additional or different facts. *See* Letter from Honorable Gary W. Beesinger, Archer County Court Judge, to Office of the Attorney General at 1–2 (Apr. 15, 2011). As this office does not attempt to resolve fact questions, we consider your statement of facts solely as premises for your questions. *See* Tex. Att'y Gen. Op. No. GA-0738 (2009) at 2 n.3.

[3]Article 26.04 and other provisions of the Fair Defense Act were amended during the regular session of the 82nd Legislature, effective September 1, 2011. *See* Act of May 23, 2011, 82d Leg., R.S., ch. 671, § 1, 2011 Tex. Sess. Law Serv. 1622, 1622–24 (West) and Act of May 26, 2011, 82d Leg., R.S., ch. 984, § 7, 2011 Tex. Sess. Law Serv. 2460,
(continued...)

that counsel may be appointed to a non-indigent person in the interests of justice. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) ("Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature.") (quoting *Bd. of Ins. Comm'rs v. Guardian Life Ins. Co. of Tex.*, 180 S.W.2d 906, 908 (Tex. 1944)); *see also Westergren v. Banales*, 773 S.W.2d 764, 765 (Tex. App.—Corpus Christi 1989, no writ) ("The law is that a trial court shall appoint one or more practicing attorneys to represent a defendant whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is: 1) indigent or 2) that the interests of justice requires such representation."). We conclude that under the proper circumstances, a court may appoint counsel to a non-indigent person when the interests of justice so require.[4]

You next ask "[w]hether the County Judge may require the payment of attorney's fees from a defendant under an order of community supervision in an amount greater than the contractual amount for attorney's fees provided in the County's contract with a group of criminal defense attorneys." Request Letter at 1. Article 26.05 of the Code of Criminal Procedure requires a county's county court, statutory county court, and district court judges trying criminal cases to adopt a fee schedule establishing the rate of compensation of appointed counsel in the county. TEX. CODE CRIM. PROC. ANN. art. 26.05(b)–(c) (West Supp. 2010). All payments for the compensation of appointed counsel are to be paid according to the schedule of fees established for the county. *Id.* art. 26.05(b). However, section 26.05(g) further provides that "[i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." *Id.* § 26.05(g). Under article 42.12 of the Code of Criminal Procedure, conditions of community supervision may require a defendant to "[r]eimburse the county in which the prosecution was instituted for compensation paid to appointed counsel for defending the defendant in the case, if counsel was appointed . . . ." *Id.* art. 42.12, § 11(a)(11). Consequently, a court may require the payment of attorney's fees in an order of community supervision in an amount consistent with the county's fee schedule and the defendant's ability to pay.

---

[3](...continued)
2468–69 (West) (acts to be codified at TEX. CODE CRIM. PROC. ANN. art 26.04). Pertinent here, H.B. 1754 creates the Texas Indigent Defense Commission to develop policies and standards for indigent defense, and provides procedures for a county to establish managed assigned-counsel programs. Act of May 26, 2011, 82d Leg., R.S., ch. 984, § 1, 2011 Tex. Sess. Law Serv., 2460, 2460–66 (West) (to be codified at TEX. GOV'T CODE ANN. §§ 79.001–.039).

[4]You do not ask and we do not address whether the appointment of counsel is appropriate under particular circumstances. We are unaware of any judicial guidance for the appointment of counsel *in the interests of justice* when the defendant is not indigent. *Cf. Chadwick v. State*, 309 S.W.3d 558, 562 (Tex. Crim. App. 2010) (upholding appointment of counsel for defendant competent to stand trial but incompetent to conduct defense); *Ex parte Gonzales*, 945 S.W.2d 830, 832 n.1 (Tex. Crim. App. 1997) (noting that the trial court judgment recited that the defendant was not indigent, but appointed counsel because of limited time to appeal); *Estupinan v. State*, No. 01-94-00820-CR, 1996 WL 137456 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (not designated for publication) (noting that the trial court appointed counsel to avoid a mistrial in "the interests of justice" rather than because of indigency).

You ask specifically, however, about a court's authority to order the defendant to pay attorney's fees in an amount greater than the amount provided in the county's contract with private attorneys for appointed criminal defense services. *See* Request Letter at 1. The statutes do not specifically address compensation of attorneys by a commissioners court's contract with individual attorneys. No provision authorizes a county commissioners court to unilaterally establish the compensation of appointed attorneys at an amount different from the fee schedule established by the county's judges under article 26.05.[5] Consequently, we conclude that a county judge may require the defendant, in an order of community supervision, to pay attorney's fees according to the county's schedule of fees established under article 26.05, regardless of the county commissioners court's contract with individual attorneys.

Finally, you ask about the proper disposition of funds received by the county under an order of community supervision that are in excess of the amount of funds paid to the appointed attorneys under a contract with the county for representing criminal defendants. Request Letter at 1. Funds paid under an order of community supervision should be deposited as court costs under article 26.05(g), regardless of the amounts agreed to in the contract by the commissioners court and the individual attorneys. TEX. CODE CRIM. PROC. ANN. art. 26.05(f)–(g) (West Supp. 2010).

---

[5]Article 26.04 of the Code of Criminal Procedure authorizes the establishment of an alternative program for appointing counsel, which might include a contract with individual attorneys. TEX. CODE CRIM. PROC. ANN. art. 26.04(g)–(h) (West Supp. 2010). Such an alternative program, however, must also be approved by two-thirds of the county's judges. *Id.* art. 26.04(g).

## S U M M A R Y

Although a court generally has no duty to appoint counsel to a non-indigent, there may be circumstances in which a court may do so when the interests of justice so require.

A court may require a defendant, in an order of community supervision, to pay attorney fees according to the county's schedule of fees established under article 26.05, regardless of the county commissioners court's contract with individual attorneys.

Funds paid under an order of supervision should be deposited as court costs under article 26.05(g), regardless of the amounts agreed to in a contract by the commissioners court and the individual attorneys. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2010).

Very truly yours,

GREG ABBOTT
Attorney General of Texas


DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee