FILED IN
COURT OF CRIMINAL APPEALS

February 9, 2015

ABEL ACOSTA, CLERK

PD-1406-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/9/2015 8:38:21 AM
Accepted 2/9/2015 8:40:42 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| JOSE RAMIRO DELAROSA, APPELLANT | § § § | CCA NO. PD-1406-14 |
| V. | § § | COA NO. 05-14-01020-CR |
| THE STATE OF TEXAS, APPELLEE | § § § | TC NO. F14-52888-T |

## STATE'S RESPONSE TO MOTION TO DISMISS PREVIOUSLY-GRANTED STATE'S PETITION FOR DISCRETIONARY REVIEW AND MOTION TO RECONSIDER PREVIOUS DENIAL OF ORAL ARGUMENT

STATE'S RESPONSIVE PLEADING TO APPELLANT'S MOTION TO DISMISS THE PREVIOUSLY-GRANTED, STATE'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE COURT OF APPEALS, FIFTH DISTRICT OF TEXAS IN CAUSE NUMBER 05-14-01020-CR, THAT HAD BEEN APPEALED FROM CAUSE NUMBER F14-52888-T IN THE 283RD JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS, THE HONORABLE RICK MAGNIS, JUDGE PRESIDING.

In light of the issues raised in Appellant's motion and the instant State's response, this Court's should reconsider its prior decision not to grant oral argument and should now grant oral argument to the parties.

SUSAN HAWK
Criminal District Attorney
Dallas County, Texas

MICHAEL R. CASILLAS
Assistant Criminal District Attorney
Appellate Division

State Bar No. 03967500
133 N. Riverfront Blvd., LB19
Dallas, Texas 75207-4399
(214) 653-3600/FAX (214) 653-3643
michael.casillas@dallascounty.org

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

JOSE RAMIRO DELAROSA,  §      CCA NO. PD-1406-14
     APPELLANT      §
     §
V.      §      COA NO. 05-14-01020-CR
     §
THE STATE OF TEXAS,      §
     APPELLEE      §      TC NO. F14-52888-T

## STATE'S RESPONSE TO MOTION TO DISMISS PREVIOUSLY-GRANTED STATE'S PETITION FOR DISCRETIONARY REVIEW AND MOTION TO RECONSIDER PREVIOUS DENIAL OF ORAL ARGUMENT

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

While this Court undoubtedly has the discretion to dismiss the State's petition for discretionary review that was previously granted on January 28, 2015, the Court should not grant Appellant's dismissal motion. The core reason that dismissal of the State's petition for discretionary review is unjustified is that the existing appellate record conclusively and absolutely shows that the trial court had no jurisdiction to dispose of the case while the State's petition for discretionary review was pending and jurisdiction could not properly be conferred by any actions of the parties and/or the trial court while the State's petition for discretionary review remained pending. Additionally, the undersigned prosecutor has substantial grounds for the good faith belief that the alleged judgment of

1

December 17, 2014 does not accurately convey the entirety of the situation involved in the instant case.

## STATEMENT REGARDING ORAL ARGUMENT

While this Court originally concluded that oral argument should not be granted, the claims in Appellant's dismissal motion now place before this Court the issue of whether a trial court may properly dispose of a case when this Court's jurisdiction over that case has already been invoked. Accordingly, the claims in Appellant's dismissal motion present this Court with the question of whether the trial court and this Court may both be simultaneously vested of jurisdiction over a case. In light of the importance and unique nature of the issue Appellant's dismissal motion has placed before this Court, this Court should not only reconsider its prior decision that oral argument would not be entertained, but also should reverse that prior decision and grant the parties the privilege of presenting oral argument regarding the contentions in the State's petition for discretionary review and the contentions raised by Appellant's dismissal motion. Accordingly, oral argument should be granted.

## STATE'S RESPONSE TO APPELLANT'S CONTENTIONS

Appellant contends that the State's petition for discretionary review (which was filed on October 16, 2014) should be dismissed because no justiciable issue now exists. Appellant's claim that a justiciable issue no longer exists is based upon a judgment Appellant has attached to his dismissal motion, a judgment that purports to show that a plea agreement was reached on December 17, 2014 (which was not only two months after the State's petition for discretionary review had already been filed, but also during the time period when the State's petition for discretionary review was still pending before this Court).

While the undersigned prosecutor has substantial grounds for the good faith belief that the alleged judgment of December 17, 2014 does not accurately convey the entirety of the situation involved in the instant case (and will later herein provide details of the facts that provide the undersigned prosecutor with the aforementioned substantial grounds for his good faith belief), the core reason why dismissal of the previously-granted State's petition for discretionary review is legally unjustified is that the existing appellate record conclusively and absolutely shows that the trial court had no jurisdiction to dispose of the case while the State's petition for discretionary review was pending before this Court and that the jurisdiction of the trial court could not properly be conferred by any actions of the

3

parties and/or the trial court while the State's petition for discretionary review remained pending. Furthermore, the manner in which the existing appellate record demonstrates – conclusively and absolutely – that the purported judgment of December 17, 2014 was issued when the trial court lacked jurisdiction wholly negates even the potential applicability of any presumption of regularity. Accordingly, the accurate legal issue presented by Appellant's dismissal motion is one of a lack of jurisdiction on the part of the trial court, as opposed to the dearth of any justiciable issue for this Court to consider now.

## JURISDICTION

This Court's docket shows that there is absolutely no dispute regarding how the State's petition for discretionary review was filed on October 16, 2014 and was granted on January 28, 2015. Thus, it cannot be disputed that the State's petition for discretionary review was pending on December 17, 2014, which is the date reflected in the judgment upon which Appellant's dismissal motion is based.

The concept of the trial court's jurisdiction "includes the power [of the trial court] to determine either rightfully or wrongfully." Morrow v. Corbin, 62 S.W.2d 641, 644 (Tex. 1933); Lapasnick v. State, 784 S.W.2d 366, 367 (Tex. Crim. App. 1990). The concept of the trial court's jurisdiction also encompasses the authority of the trial court "to render a particular kind of judgment." Davis v. State, 956

4

S.W.2d 555, 558 (Tex. Crim. App. 1997); *see* <u>Skillern v. State</u>, 890 S.W.2d 849, 859 (Tex. App. – Austin 1994, pet. ref'd)(jurisdiction of the trial court concerns the authority or power of the trial court to try the case). The State's timely filing of the petition for discretionary review with this Court on October 16, 2014 and the ongoing pendency before this Court of the State's petition for discretionary review until the date of January 28, 2015 deprived the trial court of jurisdiction over the case on the date of December 17, 2014.

Almost 20 years ago, this Court wrote, "Just as the timely filing of a notice of appeal vests the appellate courts with jurisdiction to consider the appeal, the timely filing of a petition for discretionary review vests this Court with jurisdiction to review the judgment of the Court of Appeals." <u>Garza v. State</u>, 896 S.W.2d 192, 194-95 (Tex. Crim. App. 1995); *but see* <u>Lapointe v. State</u>, 225 SW.3d 513, 517 n. 11 (Tex. Crim. App. 2007)(noting that this Court had refused to grant Lapointe's second ground, which had contended that the pendency of his petition for discretionary review had deprived the trial court of jurisdiction to conduct a retrospective *in camera* hearing). This Court has recognized that the State's timely filing of a petition for discretionary review with this Court deprived the intermediate appellate court of jurisdiction to withdraw its previously-issued opinion in favor of a subsequently-issued opinion. *See* <u>Ex Parte Shaw</u>, 395 S.W.3d

5

819, 819 (Tex. Crim. App. 2013). Finally, in a later case, this Court noted that the earlier case of State v. Bates, 889 S.W.2d 306, 310-11 (Tex. Crim. App. 1994) had "involved the question of whether a trial court can reclaim jurisdiction of a cause after the Rules of Appellate Procedure mandated that cause had passed beyond its jurisdiction." State v. Adams, 930 S.W.2d 88, 92 n.6 (Tex. Crim. App. 1996). In Bates, this Court concluded that the trial court had lacked jurisdiction to enter an order granting a new trial because the order that purported to grant the new trial had been entered beyond the deadline set out in the Texas Rules of Appellate Procedure. Bates, 889 S.W.2d at 310. Accordingly, Bates not only bears out the accuracy of the characterization afforded it by this Court in Adams, but also supports the conclusion that a trial court cannot reclaim jurisdiction over a case when the case has passed beyond its jurisdiction according to the Texas Rules of Appellate Procedure.

The State's timely filing with this Court of the petition discretionary review vested this Court with jurisdiction over the case. *See* Garza, 896 S.W.2d at 194-95. Since jurisdiction over the case had passed to this Court and was still with this Court on December 17, 2014, the trial court lacked jurisdiction to dispose of the case on that date (or on any other date while the State's petition for discretionary review remained pending) and could not reclaim jurisdiction over the case until

6

this Court denied the State's petition for discretionary review (which never happened). *See, e.g.,* Adams, 930 S.W.2d at 92 n.6, *citing* Bates, 889 S.W.2d at 310-11. Consistent with Ex Parte Shaw, 395 S.W.3d at 819, if the filing and pendency of the State's petition for discretionary review deprives an intermediate appellate court of jurisdiction, by what form of "logic" would that same filling and pendency somehow fail to deprive a trial court of jurisdiction to dispose of the case?

Also, the law is clear that, in situations where there was no jurisdiction, the power of the trial court to act is as absent as if it did not exist. *See* Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987), *citing*: Garcia v. Dial, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980) and Ex Parte Caldwell, 383 S.W. 587, 589 (Tex. Crim. App. 1964)(op. on reh'g). Consistent with not only Garza, 896 S.W.2d at 194-95, but also with all the aforementioned legal authority, the filing and pendency of the State's petition for discretionary review deprived the trial court of any jurisdiction to dispose of the case on December 17, 2014. To conclude otherwise would constitute a decision that a trial court and this Court could simultaneously be vested with jurisdiction over the same case, which is at least inconsistent with — if not actually wholly contrary to — the law contained in the cited cases of Garza, Adams, Bates, and Ex Parte Shaw. Moreover, to conclude

7

otherwise would establish that this Court – the highest criminal court in the State under the Texas Constitution – was capable of being vested with jurisdiction, but was also capable of having that already-vested jurisdiction taken away by the action of a lower court, which hardly seems consistent with how the levels of power should operate between an inferior court and the court that constitutes the ultimate arbiter of criminal law matters in the State of Texas. *See* Tex. Const. art. V, §5; State ex rel. Wilson v. Briggs, 351 S.W.2d 892, 894 (1961); State ex rel. McNamara v. Clark, 187 S.W. 760, 762 (1915); Westergren v. Banales, 773 S.W.2d 764, 766 (Tex. App. – Corpus Christi 1989, no writ)(noting that the Texas Court of Criminal Appeals "is the final arbiter of criminal law matters.").

Furthermore, while a presumption of regularity normally applies to judgments from and proceedings in the lower courts, the presumption has no application in the instant case because the appellate record before this Court contains the affirmative indicia that makes absolutely and transparently clear that the purported judgment of December 17, 2014 was issued when this Court had jurisdiction over the case and the trial court had no jurisdiction to dispose of the case. *See, e.g.*, Schneider v. State, 594 S.W.2d 415, 418 (Tex. Crim. App. [Panel Op.] 1980). Additionally, the purported judgment contains other matters that not only destroy even the potential applicability of the presumption of regularity, but

8

also shed doubt as to whether the trial court had actually granted a motion for new trial on August 6, 2014 (which constituted the very reason why the State had asked the Dallas Court of Appeals to resort to the abatement process in the first place).

The original judgment that Appellant appealed to the Dallas Court of Appeals reflects "July 9, 2014" as the date of judgment. (CR: 52-53). The order by which the trial court may or may not have been intended to grant Appellant's motion for new trial could have been signed no earlier than "August 6, 2014" (because the order was file-stamped on that date, but the trial court's signature is not dated). (CR: 64). However, in the judgment of December 17, 2014 upon which Appellant's dismissal motion relies, there is a notation that appears close to the trial court's signature, a notation that reads, "Motion for new trial granted per Judge Rick Magnis."

If the trial court had actually intended for the order of August 6, 2014 to function as an order that had already granted Appellant a new trial, then the trial court would have had no need to indicate in the judgment of December 17, 2014 that a new trial was being granted. Accordingly, the aforementioned notation in the judgment of December 17, 2014 actually provides more support for the conclusion that the abatement process should have been used to determine whether the trial court had intended to grant Appellant a new trial back in August 2014.

9

Moreover, the trial court's granting of a new trial on December 17, 2014 would be wholly improper (and of absolutely no force and effect) relative to the original judgment of July 9, 2014 because the period of time between July 9, 2014 and December 17, 2014 far exceeds the time limit of 75 days within which any trial court must rule on a motion for new trial in order to avoid losing jurisdiction to enter any ruling on a motion for new trial. *See* Tex. R. App. P. 21.8(a); Tex R. App. P. 21.8(c); State v. Garza, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996), *citing* State ex rel. Cobb v. Godfrey, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987). Accordingly, the aforementioned notation in the judgment of December 17, 2014 provides only more support for the conclusion that the presumption of regularity has absolutely no application to the judgment of December 17, 2014.

While the State disputes the accuracy of the judgment of December 17, 2014 upon which Appellant relies, it also must not be overlooked that jurisdiction to dispose of the case could not have been conferred by the parties if such jurisdiction had not already existed. *See, e.g.,* Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995)("It is also fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."), *citing* Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993); *see also, e.g.,* Ex Parte Sledge, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013). Accordingly, the invocation of this Court's

10

jurisdiction by the timely filing of the State's petition for discretionary review would be wholly inconsistent with jurisdiction somehow being conferred on the trial court by the consent of the parties. *See* Garza, 896 S.W.2d at 194-95.

Based on all the aforementioned legal authority, dismissal of the State's petition for discretionary review fails to be justified by the contentions in Appellant's dismissal motion. Moreover, if it is the position of this Court that its jurisdiction may somehow be simultaneously shared with a lower court, then the contentions in Appellant's dismissal motion have presented this Court not only with more reasons why this Court should refrain from dismissing the previously-granted State's petition for discretionary review, but also with additional legal issues that this Court might want to address in resolving the contentions in the previously-granted State's petition for discretionary review. Finally, the facts that have provided the undersigned prosecutor with the aforementioned substantial grounds for the good faith belief regarding the inaccuracy of the judgment of December 17, 2014 provide this Court with only more reasons for refusing to grant Appellant's dismissal motion.

## GROUNDS FOR GOOD FAITH BELIEF OF INACCURACY

As noted earlier, Appellant has attached to his dismissal motion a judgment that purports to show that the case was the subject of a plea bargain agreement on

December 17, 2014. The undersigned prosecutor's receipt of Appellant's dismissal motion and the judgment attached thereto constituted the first time that the undersigned prosecutor had any awareness of even the possible existence of any judgment that would have been issued after the timely filing of the State's petition for discretionary review.

The judgment in question reflects that the State was represented by an attorney named "E.A. Chandler." The undersigned prosecutor personally knows Assistant District Attorney Chandler (hereinafter "Chandler") and has a clear memory of having been contacted by Chandler during December 2014. When Chandler told the undersigned prosecutor that Appellant's counsel had approached the State about a potential plea agreement, the undersigned prosecutor told Chandler that the trial court did not have jurisdiction to dispose of the case because the State's petition for discretionary review was still pending before this Court.

Chandler told the undersigned prosecutor that it was his intention to at least attempt to explore the possibility of whether a plea bargain agreement could be reached. Chandler later called the undersigned prosecutor and informed the undersigned prosecutor that Appellant had refused to enter into any plea bargain agreement. At that point, the attitude and position of the undersigned prosecutor

12

was that the State would await this Court's ultimate decision to either grant or deny the State's petition for discretionary review.

Upon having learned on February 5, 2015 of the existence of the judgment of December 17, 2014, the undersigned prosecutor consulted the OnBase database by which the Dallas County District Clerk's Office maintains electronically-formatted versions of the records and documents of cases. In the interest of full disclosure, the undersigned prosecutor hereby informs this Court of having found a set of plea bargain documents and of having attached a copy of said plea bargian documents to the instant combination response/motion.

The plea documents appear on their face to be consistent with the judgment Appellant has provided to this Court and to the undersigned prosecutor. Upon having found the plea bargain documents, the undersigned prosecutor had a face-to-face meeting with Chandler to inquire about the documents.

Chandler reviewed the plea bargain documents and directed the undersigned prosecutor's attention to the fact that signatures for Appellant, Appellant's counsel, and for Chandler all reflected a date of December 10, 2014 ("12/10/14"), but the trial court's signature reflected a date of December 17, 2014 ("12/17/14"). Chandler reaffirmed that Appellant had rejected any plea bargain offer on the day in December 2014 when Chandler had spoken with the undersigned prosecutor on

the telephone (the same date the undersigned prosecutor had informed Chandler that the trial court had no jurisdiction due to the pendency of the State's petition for discretionary review). Moreover, Chandler stated to the undersigned prosecutor that he never participated in any actual plea bargain hearing regarding Appellant's case and that he had endured situations in the past where plea bargain agreements had been rejected, but previously filled out plea documents had never been returned to Chandler, only to somehow – without Chandler's knowledge – later be submitted to the relevant trial courts and processed as if the plea bargain agreements had never been rejected.

Based on the undersigned prosecutor's aforementioned conversations with Chandler (of both the telephone and face-to-face variety), the undersigned prosecutor has substantial grounds for the good faith belief that the judgment of December 17, 2014 was entered as a result of some type of a mistake or misunderstanding, especially since Chandler told the undersigned prosecutor in December 2014 that Appellant had rejected any plea bargain offer and since Chandler was adamant that he had not participated in any plea bargain proceedings where a plea bargain agreement had been entered into by Appellant and accepted by the trial court. Accordingly, the discrepancy in the dates of signatures between the parties and counsel on one side and the trial court on the other side and the

recollections of Chandler and of the undersigned prosecutor regarding having been informed of Appellant's rejection of any plea bargain offer actually provide more support for the conclusion that abatement of the case would provide the best means for learning precisely what had transpired relative to not only the purported judgment of December 17, 2014, but also to the question of whether the trial court had intended to grant Appellant a new trial back in August 2014.

Finally, since the aforementioned matters cast only more doubt on the regularity of the judgment of December 17, 2014 and on whether any new trial had been granted in August 2014, this Court should deny Appellant's dismissal motion and address the issue the State initially preserved and presented to this Court regarding whether the Dallas Court of Appeals should have adhered to this Court's precedent of Taylor v. State, 247 S.W.3d 223 (Tex. Crim. App. 2008) and made use of the abatement process to develop a record which would have clarified whether the trial court had intended to grant Appellant a new trial or had intended for Appellant to purse an appeal. At the very least, this Court should deny Appellant's dismissal motion and address the State's issue regarding how the Dallas Court of Appeals erred and violated Tex. R. App. P. 47.1 by dismissing the appeal on jurisdictional grounds without addressing the issues raised by the State and necessary to the case's resolution regarding the jurisdiction of the Dallas Court

15

of Appeals and regarding how the record contained conflicting documents certifying an appeal and granting a new trial which had prevented the proper presentation of the case to the Dallas Court of Appeals. *See, e.g.,* Tex. R. App. P. 47.1; Bushell v. Dean, 803 S.W.2d 711 (Tex. 1991); Light v. State, 15 S.W.3d 104, 105 (Tex. Crim. App. 2000); Johnson v. State, 938 S.W.2d 65 (Tex. Crim. App. 1997).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the State prays that this Court will deny Appellant's motion to dismiss the State's petition for discretionary review because this Court had jurisdiction over the case by virtue of the State's having filed its petition for discretionary review in a timely fashion, such that the filing and ongoing pendency of the State's petition for discretionary review before this Court meant that the trial court had no jurisdiction even to attempt to dispose of the case.

Respectfully submitted,

SUSAN HAWK,
Criminal District Attorney
Dallas County, Texas

*Michael R. Casillas*

_____

16

MICHAEL R. CASILLAS,
Assistant Criminal District Attorney
Appellate Division
133 N. Riverfront Blvd., LB19
Dallas, Texas 75207-4399
(214) 653-3600; FAX (214) 653-3642
State Bar No. 03967500

## CERTIFICATE OF SERVICE

I hereby certify that — no later than February 13, 2015 — a true, electronically-formatted copy of the instant State's Response/Motion has been served on opposing counsel, the Hon. Leslie McFarlane and has been served on the State's Prosecuting Attorney, the Hon. Lisa McMinn by use of the electronic service function that accompanies the filing of the instant State's Response/Motion with this Court through the electronic filing service provider known as eFileTexas.gov (which was formerly known as TexFile).

*Michael R. Casillas*

MICHAEL R. CASILLAS,
Assistant Criminal District Attorney
Appellate Division
133 N. Riverfront Blvd., LB19
Dallas, Texas 75207-4399
(214) 653-3600; FAX (214) 653-3643
State Bar No. 03967500

17

THE STATE OF TEXAS

VS.

Jose Delarosa

CAUSE NO. F **14528888** -T

JUDICIAL **283rd** DISTRICT COURT

DALLAS COUNTY, TEXAS

## PLEA AGREEMENT

State ID No: _____

Attorney for State: A. Chandler

Offense: DUI

Statute for Offense: _____

Date of Offense: 3/6/14

Incident No / TRN: _____

Attorney for Defendant: J. Duplantis

Charging Instrument: [X] Indictment  [ ] Information

Degree of Offense: SJ

Affirmative finding of deadly weapon:  [ ] YES  [X] NO  Type of Weapon: _____

Affirmative finding of family violence:  [ ] YES  [X] NO  Ignition Interlock required  [ ] YES  [X] NO

Affirmative finding of bias or prejudice:  [ ] YES  [X] NO  If yes, Group: _____

Sentence to run  [ ] CONCURRENTLY  [ ] CONSECUTIVELY  WITH

Time Credit:  From 3/6/14  To Present  From _____  To _____

Sex Offender Registration  [ ] DOES  [X] DOES NOT  apply.  Age of victim at time of offense: _____

## TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

| Defendant's Plea: | [X] Guilty | [ ] Nolo contendere |
|---|---|---|
| | [ ] Defendant will testify. | [X] Defendant will not testify |
| Plea to enhancement paragraph(s): | [ ] True | [ ] Not true |
| Type of Plea: | [X] Plea bargain | [ ] Open plea |
| Open as to:  [ ] Fine  [ ] Restitution | [ ] Community Supervision | [ ] Deferred Adjudication |
| [ ] Other | | |

State's recommendation:

Agreed sentence:

[X] Confinement in [ ] penitentiary [X] state jail [ ] county jail for ___/___ [X] years [ ] months [ ] days

[ ] Post-conviction community supervision, confinement probated for ___/___ [ ] years [ ] months [ ] days

[ ] Deferred community supervision for _____ [ ] years [ ] months [ ] days

[ ] Fine of $ _____ [ ] to be paid [ ] to be probated

[ ] Boot Camp [ ] Shock Probation [ ] Substance Abuse Felony Program

[ ] CENIKOR [ ] Judicial Treatment Center [ ] Dallas County Jail Chemical Dependency Program

[ ] Restitution in the amount of $ _____

[X] Defendant will sign waiver of extradition [X] Defendant knowingly and voluntarily waives appeal

[ ] Defendant Waives a court reporter  [ ] Other: _____

[ ] Back-time included: 3/6/14 - 7/30/14; 7/30/14 - 10/14/14 @ state jail  [ ] Back time NOT included

10/14/14 - present

☐ **CHANGE OF NAME** *(Applicable only if box is checked)*

The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be_____ , said motion is hereby granted. It is so ordered.

## COURT'S ADMONITIONS TO DEFENDANT

You are charged with the offense of:___*UUMU*_____.
The punishment range for the offense charged is:

☐ 1st Degree Felony, 5-99 years or Life and an optional fine not to exceed $10,000.00
☐ 2nd Degree Felony, 2-20 years confinement and an optional fine not to exceed $10,000.00
☐ 3rd Degree Felony, 2-10 years confinement and an optional fine not to exceed $10,000.00
☑ State Jail Felony, 180 days – 2 years State Jail and an optional fine not to exceed $10,000.00
☐ _____.

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. If the Court rejects any plea bargain made in this case, you may withdraw your plea of guilty or *nolo contendere*. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or *nolo contendere* and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or *nolo contendere* may, and under current Federal Immigration rules *is almost certain to*, result in your deportation, removal, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as if the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

## DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witness against me, and that I have a right to be tried upon an indictment returned by a grand jury. I understand that if

I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses on the issues of guilt and punishment; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit and judicially confess that I committed the offense of ___UUM___ on ___3/6/14___, exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

☑ I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

☑ I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing.

☐ I waive and give up my right to have a court reporter make a record of these court proceedings as provided by Rule 13.1 of the Texas Rules of Appellate Procedure.

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S) (Applicable only if box is checked)**

I, the defendant, plead true to the enhancement allegations included in the:

☐ first                    ☐ second                    ☐ first & second

enhancement paragraph(s) which is/are contained in the charging instrument or the State's Notice of Enhancement, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

## SIGNATURES AND ACKNOWLEDGMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_12/10/14_
Date

_____
Defendant

_Jose Delarosa_
Printed Name

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/ her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_12/10/14_
Date

_24052192_
State Bar Number

_____
Attorney for Defendant

_____
Printed Name

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

_12/10/14_
Date

_04092500_
State Bar Number

CRAIG WATKINS, Criminal District Attorney, Dallas County

_____
Assistant District Attorney

_EA Chandler_
Printed Name

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_12/19/14_
Date

_____
Judge

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Michael R. Casillas, Assistant Criminal District Attorney, being duly sworn, on my oath say that the facts stated in the foregoing motion regarding my recollection of events in which I was involved personally and of conversations in which I was involved personally and of actions which I personally committed and of when I knew of certain matters and became aware of other matters are all true and correct and my assertions of all such facts are based on my personal knowledge and personal experience in having participated in the events and conversations referenced in the instant pleading, in having committed the conduct which I stated I have committed, and in having been aware of certain facts and matters only at the times I have asserted I was so aware of said facts and matters.

Michael R. Casillas, Assistant
Criminal District Attorney
State Bar No. 03967500

Subscribed and sworn before me, this ___9___ day of February, 2015.

SEAL

Notary Public For
The State of Texas
My Commission Expires: _9/9/16_


LENETHA PARKER
Notary Public
STATE OF TEXAS
My Comm. Exp. Sep. 09, 2016

18